HEARD APRIL TERM, 1876.

## PIERCE, BUTLER & CO. *vs.* JONES & SON.

A written agreement, not under seal, between an insolvent firm and its creditors, whereby the former agree to accept in payment of their several and respective claims twenty-five cents on the dollar, and give clear receipts in full, provided that all the creditors of the firm shall assent to this arrangement, is a valid and binding contract, which discharges the firm, on its compliance with the terms of its agreement, from the residue of its indebtedness to any creditor of the firm receiving the twenty-five cents on the dollar.

BEFORE CARPENTER, J., AT EDGEFIELD, NOVEMBER TERM, 1875.

This was an action by J. J. Pierce, Butler & Co. against Thomas Jones & Son to recover the amount alleged to be due on two promissory notes given by the defendants to the plaintiffs—one for $4,000, dated March 17th, 1873, and payable on the 1st day of November thereafter, and the other for $5,820.08, dated March 16th, 1874, and payable fifteen days after date.

In the complaint it was admitted that there was a credit on March 28th, 1874, on the last mentioned note of $2,471.13.

The defendants by their answer admitted the execution and delivery of the notes, but alleged that they had been satisfied under the terms of the agreement hereinafter mentioned.

The case was referred to a Referee, "to take the testimony and hold the accounting between the parties herein, with leave to report any special matter." He reported, amongst other things, that on the 14th day of February, 1874, the defendants made an agreement with nearly all their creditors for a compromise of their several and respective claims against the defendants of twenty-five cents on the dollar; that the agreement was reduced to writing, and is in the following terms:

"AUGUSTA, GA., February 14, 1874.

"We, the undersigned, creditors of T. Jones & Son, hereby agree to compromise with the said T. Jones & Son for twenty-five cents on the dollar on the principal and interest of the several amounts due us, and will give them a clear receipt of all indebtedness to us and our assigns: *Provided,* That all persons who may hold any claim, account, note or other evidence of indebtedness shall assent to this settlement and arrangement."

That this agreement was signed by nearly all the creditors of defendants, the plaintiffs included ; that T. Jones & Son were insolvent at the time the agreement was made; that the note sued on, dated 16th March, 1874, was given in consolidation of numerous open accounts and small drafts due and payable on and before the 14th day of February, 1874, when the agreement was made, and that said note was given subject to the terms of said agreement.

He further reported that a few small creditors of the firm of T. Jones & Co. had not signed the agreement, but that their claims had been settled with the consent of all the creditors who did sign it, and that T. Jones & Co. had complied with the terms of the said agreement by paying to each of the creditors who signed the same, the plaintiffs included, twenty-five cents on the dollar; and that all the creditors, except the plaintiffs, had in good faith carried out the terms of the said agreement.

He reported that, in his opinion, the agreement of the 14th February, 1874, was a binding contract between the parties, and that the defendants, having complied with the terms of said agreement, were discharged from all liability on the notes sued upon.

The plaintiffs excepted to the report on the ground, *inter alia,* that the agreement of the 14th February, 1874, was without consideration in law and was null and void, and that the defendants were not discharged by their payment to the plaintiffs of twenty-five cents on the dollar under the terms of said agreement.

His Honor the presiding Judge confirmed the report of the Referee and ordered that the complaint be dismissed and that the defendants have leave to enter up judgment and issue execution for their costs and disbursements.

The plaintiffs appealed upon the grounds :

1. Because His Honor the presiding Judge erred in holding that the agreement of February 14, 1874, was binding upon the parties and conclusive upon their rights, inasmuch as it appears that said agreement was without consideration.

2. Because His Honor erred in holding that a partial payment of a debt, liquidated and payable, and which was acknowledged to be received as payment in full, was a legal satisfaction of the whole debt.

3. Because His Honor erred in holding that a release not under seal in consideration of part payment in money of a debt past due is a discharge of the balance.

*J. C. Sheppard,* for appellants:

We maintain that the payment of a part of a debt liquidated and payable is no consideration for a promise to discharge the balance.

In the case of *Eve* vs. *Moseley,* (2 Strob., 207,) the Court says: "It is not unreasonable to hold that the partial performance of a contract, which the party is legally and morally bound to perform to its entire extent, without any benefit or possibility of benefit to the other party besides that received from the mere partial performance, is *not* a *sufficient* legal consideration for an agreement to relinquish all demand for the performance of the residue of the contract."—See also Chitty on. Con., 774; Co. Lit., 264; Story on Prom. Notes, § 410; Story on Con., 689; Bail. on Bills, 365; 1 Johns. Cases, 131; 5 East., 230.

Whether the mere intention of the parties at the time of the execution of the said alleged agreement was that the respondents should be discharged from all future liability on account of the notes in action is not the question; the inquiry is whether an acquittance, or promise to acquit at some future time, not under seal, acknowledging the payment of one-fourth of defendants' actual liability, is a good bar.

A parol release of the whole sum on the day, in consideration of the payment of a part, is not satisfaction of the whole, because, as is said in *Pinnell's* case, (5 Rep., 117,) by no possibility can a lesser sum be a satisfaction to the plaintiff for a greater sum, and, as such, a parol agreement is without consideration—*it is void.*—*Hope* vs. *Johnson & Cavis,* 11 Rich., 137; see also *Corbett* vs. *Lucas & Dotterer,* 4 McC., 323; 2 Strob., 205; 3 Strob., 36; and 5 Coke's Rep., 117.

The alleged agreement, upon which respondents rely, was dated after the day on which the payment of the sums due by defendants to plaintiffs matured, and is but the payment or an agreement thereafter to pay only one-fourth of the amounts then due, and, in the absence of a seal, which would supersede the proof of consideration, cannot operate as a discharge of the balance.

There are exceptions to the rule established by the above authorities, as where the release is under seal, or where there is something collateral showing that the party relinquishing *may* derive a benefit which *might* be an equivalent and consequently a sufficient consid-

eration; as, for instance, the receipt of a horse, a hawk, a gold ring, or something unliquidated, has been held to be good satisfaction, as these have no settled value and may be estimated by plaintiff even beyond the amount of his debt. But the paper in question does not come within any of the exceptions recognized by our Courts.

Under these adjudications it would appear to be an act of supererogation on the part of appellants, and an offense to the understanding of the Court, to insist that the ruling of the Referee is erroneous. "That this compromise, if perfected and carried out according to its terms and the true intent and meaning of the parties to it, partakes more of the nature of an assignment by a debtor of his property for the benefit of his creditors than of a release or receipt of a part payment of the money in satisfaction of the whole debt; and the doctrine laid down in *Hope* vs. *Johnson & Cavis* cannot apply to it."

But let us examine. The authority upon which the Referee relied, and upon which respondents mainly depend, is the case of *Aiken* vs. *Price*, (Dud., 50). By reference to that case it will be seen that the Court distinctly sustains the doctrine laid down in *Hope* vs. *Johnson & Cavis*, (11 Rich., 137). On page 52 thereof the Court says: "For an agreement to release a debt, whether in whole or part, there must always be a valid and sufficient consideration. In *Stroud* vs. *Stroud*, decided at this term, it was held that a parol release of a note, *after due*, there being no consideration, and the note not delivered up, was void and not binding. *And it is equally clear and well settled that an agreement or promise to accept a less sum in discharge of a larger is not obligatory.*"

The decision of the Court clearly was founded upon an application of the principles constituting an exception to the general rule to the facts of the particular case, for, on page 53, the Court states that "The question is between a mere payment of a less sum, which is obviously no satisfaction, and an actual assignment of the debtor's whole estate to trustees, by which the defendant himself is prejudiced and by which the plaintiff is assured of part of his debt and may secure the whole."

And further: "This comes up to what is said by Lord Ellenborough in *Fitch* vs. *Sutton*, (5 East., 230,) as above quoted, that 'there must be some consideration for the relinquishment of the residue; something collateral to show a possibility of benefit to the party relinquishing his further claim.'"

It only remains to consider the force of one other view presented by respondents in support of the Referee's report.

It is contended that the written instrument of 14th February, 1874, did not operate as a release, and was not so intended, but only an agreement by the appellants (amongst others) to remit the residue of their demands by the execution of "clear receipts" upon the performance of certain acts by respondents.

It will suffice, without elaborate discussion of the merits of the position, to quote the remarks of the Court upon that point in *Eve* vs. *Moseley:* "But when it is held that if the acknowledgment of the receipt of a less sum in satisfaction of a greater is to operate as a release of the residue of the demand, it is ineffectual, because a release can only be made by *specialty;* the decision is not liable to the objection of being technical otherwise than in maintaining the distinction between parol instruments and specialties. And when it is held that if such an acknowledgment is to operate as an agreement by the creditor to remit the residue of his demand to the debtor, a valuable consideration is necessary to give effect to the agreement, the decision is supported by the same reason which makes such consideration necessary to the validity of all parol contracts."—2 Strob., 207; see also 6 Adol. & Ell., 121; *Seymour* vs. *Minton,* 17 I. R., 169; 4 Gill. & John., 305.

Indeed the principle for which appellants contend has never been impeached. Individual judges have often expressed dissatisfaction with the rule, and it might be desirable, and even beneficial, in particular instances to modify its application; *but no case* can be found which is in direct and avowed conflict with it, and it is now too well settled, by an unbroken current of decisions running through three centuries, to be shaken. The rule itself may have its foundation in insufficient reason, but it is fortified by the injunction *stare decisis,* and *omnis innovatio plus novitate perturbat quam utilitate prodest* (Broom Leg. Max., 61,) is a maxim the wisdom of which no one will question.

It is respectfully submitted that the Circuit Judge erred in his opinion and rulings upon the law of the case and that his judgment should be reversed.

*Addison, Butler,* contra.

October 23, 1876.   The opinion of the Court was delivered by

Moses, C. J.   This was an action on two several promissory
notes drawn by the respondents in favor of the appellants—one for
$4,000, dated 17th March, 1873, payable 1st March following; the
other for $5,820.03, dated 16th March, 1874, payable fifteen days
after date.   The last was the aggregate of open accounts and small
drafts due before 14th February, 1874, and is, alike with the first,
subject to the operation of the alleged agreement to be hereafter
referred to.   ·

On the 14th February, 1874, the said J. J. Pierce, Butler & Co.,
with other creditors of the said Thomas Jones & Son, executed a
written agreement in the following words:   "We, the creditors of
T. Jones & Son, hereby agree to compromise with the said T. Jones
& Son for twenty-five cents on the dollar on the principal and
interest of the several amounts due us, and will give them a clear
receipt of all indebtedness to us and our assigns, provided that
all persons who may hold any claim, account, note or other evi-
dence of indebtedness shall assent to this settlement and arrange-
ment."   It appeared that each of the said creditors had received
the sum for which, by the agreement. they had stipulated "to give
a clear receipt of all indebtedness."

The report of the Referee states that all the other creditors had
acted in good faith in regard to its stipulation, and this must be
held to include all the creditors of the respondents, for the agree-
ment was on the condition that all persons who might hold any
claim, &c., should assent to it; and if any other creditor had re-
fused to enter into the compromise it was to the interest of the
appellants to show it, for in that event the non-compliance with the
proviso on which they were to be bound might have operated to
discharge them from its effect.

The agreement was set up by the respondents as a discharge of
all the balance due upon the notes held by the appellants, by their
acceptance of the payment of the one-fourth due thereon.   The
Circuit Judge sustained the defense on the ground submitted and
dismissed the complaint.   ·

The appeal seeks to reverse his judgment, and charges error of
law therein.

It is contended, on behalf of the appellants, that a promissory
note, at maturity, is not satisfied by the acceptance of a part of the

amount due in discharge of the remaining balance, and that this principle must apply to exclude the defense relied on by the parties who now submit the said agreement as a bar to the recovery of the remaining portion of the notes.

The English and American cases, (and in the last may be included those in the Courts of this State,) it may be said, generally concur in the doctrine announced in *Pinnell's* case, (5 Rep., 60, p. 117,) "that payment of a lesser sum on the day in satisfaction of a greater cannot be any satisfaction of the whole, because it appears to the Judges that by no possibility a .lesser sum can be a satisfaction to the plaintiff for a greater sum." · While many eminent Judges have not hesitated to notice and descant on the seeming inconsistency of the rule which permits the acceptance of anything,—" a horse, a hawk, a robe,"—no matter how inconsiderable the worth, to operate as a discharge of a debt largely exceeding in amount the value of the article so received, and still withholds a like effect to a payment in money unless for the whole sum due, they have felt bound to conform to the decisions which have confirmed it, extending as they do through a long succession of years. An agreement to accept a lesser sum in discharge of a greater is not allowed its proposed purpose for the want of a sufficient consideration to support it. It is therefore permitted to have full effect whenever such payment is made and accepted under such circumstances and at such time as a good, valid consideration for the promise and assumption of the creditor. While, therefore, the principle contended for is fully sustained by the authorities cited, and precludes the agreement from operating in a technical sense as accord and satisfaction, or a release, it fails in its application to the case here, because there was a sufficient consideration to sustain it as a valid and binding contract.

In *Fitch* vs. *Sutton*, (5 East., 232,) Lord Ellenborough, giving full force to the general rule to carve out an exception to it, said: "There must be some consideration for the relinquishment of the residue,—something collateral to show a possibility of benefit to the party relinquishing his further claim,—otherwise the· agreement is *nudum pactum.*"

Mr. Chitty in his work on Promissory Notes, at p. 606, thus states the principle applicable to the case before us and by which it must be governed: "Although in general a creditor who separately agrees to take less than his entire demand is not legally

bound by such agreement for want of. adequate consideration, yet where several creditors, on the faith of each others stipulation, enter into an arrangement of that nature, whether by deed or unstamped memorandum, each is legally bound by it, and he cannot either privately receive or sue his debtor for a larger dividend than the rest." So in *Good* vs. *Cheeseman*, 2 B. & Adol., 328. There "A debtor unable to meet the demand of his creditors, they agree with him in writing to accept payment by his covenanting to pay two-thirds of his annual income to a trustee and give a warrant of attorney as collateral security. The creditors never nominated a trustee, though the debtor appeared willing to perform his part of the engagement. One of the creditors brought an action against the debtor for his demand." It was held "that the agreement, though not properly an accord and satisfaction, was still a good defense on the general issue, as it constituted a valid new contract between the creditors and debtors, capable of being immediately enforced, and the consideration for which to each creditor was the forbearance of the rest, and as there appeared no failure on the part of the debtor." Lord Tenterden, C. J., said: "Then is not this a case where each creditor is bound in consequence of the agreement of the rest? It appears to me that it is so, both on principle and on the authority of the cases in which it has been held that a creditor shall not bring an action where others have been induced to give him a composition with the debtor, each party giving the rest reason to believe that in consequence of such engagement his demand will not be enforced. This is in fact a new agreement substituted for the original contract with the debtor, the consideration to each creditor being the engagement of the others not to press their individual claims." On the same principle it had been held in *Cockshatt* vs. *Bennett*, (2 T. R., 762,) that where creditors of an insolvent entered into a composition for their respective demands and one of them before he executed it obtains from the debtor a note for the residue of his claim, it is void in law as a fraud on the rest of the creditors. Lord Kenyon, C. J., said: "These plaintiffs, in fraud of their engagement, entered into a contract with the respondents which prevented their being put in that situation which was the inducement to the other creditors to sign the deed and to relinquish a part of their demands. The contract in the present case affected all the other creditors by rendering abortive all that they had intended to do for the bankrupt in compounding for their debts."

In *Boothby et al.* vs. *Sowden*, (3 Camp., 174,) where all the creditors of one in embarrassed circumstances signed an agreement to give time for the payment of their respective demands by installments, and to take his notes for the amount, Lord Ellenborough held that there was sufficient consideration for each of the creditors entering into the agreement that it was subscribed by all the others.

In *Steinman et al.* vs. *Magnus*, (11 East., 394,) the same learned Justice had before said : " Where other creditors have been lured in by the agreement to relinquish their further demands upon the supposition that the party will be discharged from the remainder of his debts, that makes all the difference in the case, and the agreement will be binding."

In *Fitch* vs. *Sutton*: "Our opinion proceeded upon the precise terms of the case as stated to us in the report of the evidence. If the evidence had gone a little further it would have altered our decision."

The appellants in the case before us secured through the agreement an advantage of which they possibly may have been deprived by the application by the debtors of their assets among their creditors in different proportions, giving to them a less share than to others, or, in fact, they might have made a preference to one creditor to the exclusion of all the rest, provided it was not undue and fraudulent. The appellants secured by the agreement at least twenty-five per cent. of their debt, when, if they had not entered into it, they stood the chance of losing the whole. There is another view to be taken of the defense which must bar the recovery. The agreement, we must assume, by the proviso which it contains, was assented to by all the creditors of the firm with whom it was made. Each, in consideration of the receipt of twenty-five per cent. of his demand, consented to accept it as a compromise, by which he released all the balance of his debt. It was founded on the principle of equality— all were to share alike. If the appellants recovered in their action it would be a fraud on the other creditors who were induced to accept the proportion fixed by the agreement on the express stipulation that it was to be entered into by all the creditors, and binding so far as to prevent either from obtaining from the assets of the debtors more than the prescribed proportion. Each creditor for his act "had the undertaking of the rest as a consideration for his own undertaking."

The principle which governed the decision in *Aiken* vs. *Rice*, (Dud., 52,) applies in full force here.

The motion is dismissed.

*Wright,* A. J., and *Willard,* A. J., concurred.