ARNOLD v. BAILEY.

SAME v. SAME.

1. It is too late for a creditor, after having accepted an assignment and received his *pro rata* share of the proceeds, to raise any question as to the validity of the assignment itself, growing out of the provision that all creditors who did not accept should be excluded from its benefit, and the surplus, if any, returned to the assignor.

2. The rule, that the acceptance of a part of a debt does not operate as a discharge of the whole, applies only to cases where money is paid. The acceptance in writing of the terms of an assignment, and especially a receipt of a portion of the proceeds of the assigned estate, is a sufficient consideration to support the agreement to accept in full, and neither the written acceptance nor the receipt need be under seal.

3. Where an assignment for the benefit of creditors and the acceptance of

its terms are both in writing, parol evidence is inadmissible in behalf of an accepting creditor, to show that its terms have been modified in his favor.

4. A letter alleged to contain a contract, must be construed by the court and not submitted to a jury for construction.

5. A debtor having made an assignment, wrote to one of his creditors, saying: "I promised to pay you one-half of the amount due you, and intended to do so. In order to close my business, I made an assignment of all my effects to pay my debts. All my effects are placed in the hands of B. [the assignee], who will settle all my business as soon as it can be done. Your debt will be paid. Your debt will be paid as soon as the money can be made." *Held*, that this letter was not a promise by the debtor to pay this creditor in full, but referred to an expected payment out of the assigned estate.

Before PRESSLEY, J., Abbeville, February, 1885.

Mr. Justice McGowan having been of counsel in this case, his seat in this court was occupied by Judge Fraser of the Third Circuit.

James Bailey, the defendant, having made an assignment for the benefit of his creditors on January 14, 1867, wrote to Francis Arnold, the plaintiff, one of his creditors, the following letter, as ·printed in the brief:

MADISON C. H., FLA., Feb. 2, 1867.

*Mr. Francis Arnold:*

I have yours of 19th January. I intended to pay you one-half of the amount due you, and intended to do so. I sold my own property at a sacrifice conditionally to get money to pay you my part of my obligation, parties failed to comply with their engagements. I done all I could do. I could not remain at home any longer. I was compelled to come here to get my hands fixed and arrangements made. Consequently, in order to close my business in South Carolina, I made an assignment of all my effects to pay my debts. All my effects is placed in the hands of Mr. S. P. Boozer, who will settle all my business as soon as it can be done. Your debt will be paid. *Remember this is not a debt of my own.* I am not the only party. Your debt will be paid as soon as the money can be made. I regret the delay and disappointment to you, but it is not in my power to prevent it.

Your obedient servant,　　(Signed)　　J. BAILEY.

Having received this letter, and, as plaintiff alleges, on the faith of it, plaintiff accepted the assignment, and afterwards, in

January, 1870, received his dividends on the two notes held by him against said Bailey. This action was commenced in August, 1883, to recover the balance on these two notes. Verdict was for plaintiff. Other matters are stated in the opinion.

*Messrs. Lee & Blake,* and *Ellis G. Graydon,* for appellants.

*Messrs. Parker & McGowan,* contra.

March 29, 1886. The opinion of the court was delivered by

MR. JUSTICE FRASER. These cases were tried together. The cases come to this court on exceptions to the admission of testimony, and also to the charge of the presiding judge. Defendant appeals. Only so much of the facts will be here stated as will be necessary to explain the questions presented to this court.

On September 19, 1856, Bailey & Co. gave to plaintiff a sealed note, payable at one day, for $1,771.43, and on July 1, 1859, Bailey & Connor gave to plaintiff a sealed note, payable at one day, for $2,800. The defendant, James Bailey, was a member of each of these firms, but in some way, not material to this case, it had been agreed that he was liable for only one-half of these notes. On January 14, 1867, defendant executed under seal an assignment to S. P. Boozer, in trust for his creditors. The plaintiff accepted this assignment in writing on February 12, 1867, within the time limited by the assignment for acceptance of its terms. This acceptance was not under seal. On February 2, 1867, between the date of the assignment and the acceptance by the plaintiff, a letter was written by defendant from Madison, Florida, to plaintiff in reference to this indebtedness. On January 25, 1870, plaintiff gave his receipt to the trustee under the deed of assignment for the sum of $2,238.37. This amount being credited on the two notes, left unpaid on defendant's half of these notes, respectively, the sums of $544.59 and $764.19. It is claimed that this amount and interest is still due by him, and the action is brought on these notes to recover the amounts. The deed of assignment with the schedules, the acceptance by plaintiff, the Florida letter, and the receipt given by plaintiff to the trustee, will be found in the "Case," and will be referred to when necessary.

It will be observed that the action has been brought on the original notes, and not on any new promise to revive an old debt.

It is, therefore, unnecessary to consider how far the existence of a balance of a debt left unpaid by the proceeds of an assignment like this will be a sufficient consideration for the new promise, or what will be a sufficient promise, or in what way it may be proved. The actions are on the original notes, and by the terms of the assignment it was provided that "every accepting creditor shall receive the sum which may be apportioned to him in full satisfaction of his claim against the said James Bailey." The questions, therefore, raised by the exceptions are these : 1. Was there a valid acceptance by the plaintiff of this assignment ? 2. Can parol testimony be admitted ·to show that there was any condition attached to the acceptance other than those contained in the assignment? 3. Was it the duty of the presiding judge to construe the Florida letter ? 4. Does that letter so modify the acceptance as to leave the balance on these notes a valid claim against the defendant ? An analysis of the various exceptions will show that these are the material questions raised by this appeal, and the only ones necessary to be considered.

It is too late for the plaintiff, after having accepted the assignment and received his *pro rata* share of the proceeds, to raise any question as to the validity of the assignment itself, growing out of the provision that all creditors who should not accept should be excluded from its benefits, and the surplus, if any, returned to the debtor, James Bailey. The general rule is that the acceptance of a part of the money due on a note, even if stated to be in full, will not operate as a discharge of the debt unless the receipt or release is under seal. *Mills* v. *Star*, 2 *Bail.*, 360 ; *Eve*. v. *Mosely*, 2 *Strob.*, 203 ; *Boulware* v. *Harrison*, 4 *Rich. Eq.*, 317. "If the release is under seal, it implies a consideration, otherwise if it is not under seal and the consideration must be proved." 4 *McCord*, 323.

It is now the well understood law that the rule that the acceptance of a part does not operate as a discharge of the whole unless under seal, applies only to cases where money is paid. Any other valid consideration which can support an agreement, if paid and accepted in good faith, however small it may be, will dis-

charge the debt, and the evidence of its acceptance in full need not be under seal. The acceptance in writing of the terms of an assignment, and especially a receipt of a portion of the proceeds of the assigned estate, is a sufficient consideration to support the agreement to accept in full, and neither the acceptance nor the receipt need to be under seal. *Tennant* v. *Stoney*, 1 *Rich. Eq.*, 222; *Aiken* v. *Price*, *Dudley*, 50; *Fitch* v. *Sutton*, 5 *East.*, 230; *Pierce Butler & Co.* v. *Jones*, 8 *S. C.*, 273. If the plaintiff accepted the terms of the assignment and received his *pro rata* share, he is bound by the terms of the assignment, unless it was in some way legally modified so as not to extinguish his notes except to the extent of actual payment.

Was parol testimony admissible to show that there was any such modification? The doctrine laid down on this subject is that "parol contemporaneous evidence in inadmissible to vary the terms of a valid written instrument," and this applies not only to writings under seal, but to simple contracts in writing as well. *Greenl. Evid.*, 275, 276. See also *Miller* v. *Edwards*, 18 *S. C.*, 600. All the parol testimony, therefore, which was introduced to show that the terms of the assignment were modified as to these notes was inadmissible.

It was the duty of the presiding judge to have construed the Florida letter, and it would have been error to have referred its construction to the jury. *Mowry* v. *Stogner*, 3 *S. C.*, 253; *Bank* v. *Heyward*, 15 *Id.*, 296; *Russell* v. *Arthur*, 17 *Id.*, 480; *Hammond* v. *A. & P. R. R. R. Co.*, 15 *Id.*, 10; *DeCamps* v. *Carpin*, 19 *Id.*, 124. The original letter has been examined by the court, and the printed letter in the "Case" corresponds with it except the word "intended" in the first line of the letter in the "Case" is written "promised" in the original. The defendant says, I "promised" to pay, and "intended to do so," both in the past tense. He then says, "In order to close my business in South Carolina, I made an assignment of all my effects to pay my debts. All my effects is placed in the hands of S. P. Boozer, who will settle all my business as soon as it can be done. Your debt will be paid." If S. P. Boozer had all the effects and was to settle all his business in South Carolina, there is no room for the inference that any one else was to do it, or that the defendant

himself would do so. He might have gone on to say that in case S. P. Boozer did not pay, he himself would do so. After saying that S. P. Boozer would "settle all his business as soon as it can be done," the words "your debt will be paid" and "your debt will be paid as soon as the money can be made," refer to the expressions going just before, "as soon as the money can be made" and "as soon as it can be done". They seem to refer to the same subject matter, *i. e.*, making the money out of the assigned effects by the trustee. This court, therefore, cannot concur with the Circuit Judge in holding that this letter was a promise to pay plaintiff's debt in full.

Having reached this conclusion as to the construction of this letter, it is not necessary, and perhaps it would not be proper, to consider how far a promise to pay these notes in full, if contained in a letter written under these circumstances, would have been binding on the defendant, either by continuing the liability on the original notes or as the foundation of an action on the new promise itself.

This court holds that it was error to admit in an action on these notes parol testimony to show that the acceptance of the assignment and a *pro rata* share under its provisions was not in full payment, as provided in the assignment. The court also holds that the Florida letter, whether construed by itself or in connection with the assignment and the acceptance, is not an agreement either to exempt these notes from the conditions of the assignment or sufficient evidence of any new and distinct promise to pay them. What may be a sufficient new promise, and how far the Florida letter and parol testimony are sufficient to establish it, are questions not now before the court.

It is, therefore, ordered and adjudged, that the judgment of the Circuit Court be reversed, and the case remanded to the Circuit Court for a new trial.