HARLE v. MORGAN & CO.

1. After an appeal, and at the rehearing of the case on Circuit, defendants, under an oral demurrer that the complaint did not state facts sufficient to constitute a cause of action, urged the objection that there was a variance between the original complaint and the copy served. *Held*, that all objection to this variance was waived.

2. The caption of the complaint stated the names and partnership of the defendants, and the complaint alleged that "the defendants, the said firm of A. J. Morgan & Co., executed and delivered their written obligation," &c. *Held*, on oral demurrer interposed at the trial, that there was a sufficient allegation of the partnership of defendants.

Before NORTON, J., Spartanburg, October, 1887.

This was an action by James W. Harle against "A. J. Morgan, O. P. Morgan, W. L. Morgan, and Matthew Vaughn, partners, trading under the firm name and style of A. J. Morgan & Co." The opinion states the case as fully as does the appeal brief.

*Messrs. Carlisle & Hydrick*, for appellant.

*Mr. J. S. R. Thomson*, contra.

September 26, 1888. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This action was commenced October, 1882. The complaint alleged, "That on 7th June, 1881, the defendant [the original complaint has here the word "defendants"], the said firm of A. J. Morgan & Co. executed and delivered to R. W. L. Raisin & Co. their written obligation, of which the following is a copy." There was no other allegation in the complaint of the partnership of the defendants. The complaint set forth a copy of the written obligation purporting to be signed "A. J. Morgan & Co.," its assignment to plaintiff, its non-payment, &c. The case had once been tried, resulting in a verdict for the plaintiff for $113.44. From that judgment the plaintiff appealed to the Supreme Court and obtained a new trial on the grounds set forth in the opinion, to which reference is hereby

made.[1] Upon the call of the case for trial at the October term, 1887, both parties announced themselves ready for trial, and the plaintiff read his complaint to the court and jury. Thereupon the defendants interposed an oral demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The only ground taken was that there was no allegation of partnership of the defendants. The Circuit Judge overruled the demurrer, and the defendants appeal upon the following grounds: I. Because the presiding judge erred in holding that the complaint states facts sufficient to constitute a cause of action. II. Because the presiding judge erred in not sustaining the oral demurrer "of defendants."

The demurrer was to the original complaint as read, and had nothing to do with the copies. Therefore there is nothing in the suggestion that the copies of the complaint were in the singular and not plural. If there had been substance in it when the case was originally issued, it pertained to service and had long since been waived. The parties appeared and the cause had been tried both on the Circuit and in the Supreme Court.

In respect to the want of proper allegation in the complaint, as to the partnership of the defendants, and their partnership name. It is not claimed that the defendants were surprised. The names of all of them were set out formally in the caption of the complaint. It is also alleged that on a certain day the defendants (the persons named in the caption as "defendants"), the said firm of "A. J. Morgan & Co." executed and delivered to R. W. L. Raisin & Co. their written obligation, of which the following is a copy (setting it out). We agree with the judge that there was a sufficient allegation of the partnership of the defendants and of their name and style of business, "A. J. Morgan & Co." The code does not favor a technical construction of the pleadings, but only looks to the substance; and if the cause of action be substantially alleged, whether it be in complete form or not, it will meet the requirements of the code. *Railroad Company* v. *White*, 14 S. C., 51; *Holland* v. *Kemp*, 27 *Id.*, 623; *Moses* v. *Hatfield*, *Ibid.*, 324; *Voorh. Code*, 209; *Elliott* v. *Pollitzer*, 24 S. C., 81. "The true doctrine to be gathered from all

[1] 25 S. C., 601, where it is misprinted *Haile* v. *Morgan & Co.*—REPORTER.

the cases is, that if the substantial facts which constitute a cause of action are stated in a complaint or petition, or can be inferred from reasonable intendment from the matters which are set forth, although the allegation of these facts is imperfect, incomplete, and defective, such insufficiency pertaining, however, to the form rather than to the substance, the proper mode of correction is not by demurrer nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment." *Pom. Rem.*, 549.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.