### 7223

### *EX PARTE* ZEIGLER.

1. DEBT—JUDGMENT—DISCHARGE—PAYMENT.—Where one discharged of a judgment pays the creditor a sum less than the amount due at the request of his co-obligor, who is still bound for the debt, under an agreement with creditor to accept such payment in satisfaction of the judgment, the judgment is thereby satisfied in full against both debtors.

2. INJUNCTION.—Circuit decree modified by requiring injunction undertaking on granting preliminary injunction.

3. REHEARING refused.

Petition by Paul J. Zeigler and Virginia S. Zeigler, *in re* T. T. Haydock Carriage Company against Paul J. Zeigler and Virginia S. Zeigler, and Union Savings Bank and Trust Company, as assignee, against same. From Circuit order granting preliminary injunction and reference, plaintiffs appeal.

*Messrs. J. A. Willis* and *B. T. Rice,* for appellants, cite: *Payment is not in satisfaction, but pro tanto:* 2 Strob., 203; 5th C. O. R. E., 117; 24 S. C., 490; 4 Rich. Eq., 320; 11 Rich., 138; 4 McC., 323; 61 S. C., 456; 96 U. S., 430.

*Mr. J. L. Tobin,* contra, cites: *Payment by draft by third party of less amount satisfies the debt:* 1 Ency., 325, 328, 329, 416, 417; 1 Am. Dig., 4, 495; 2 Bail., 574; 2 Hill. 207; 16 S. C., 214.

This opinion was filed May 4, 1909, but remittitur held up on petition for rehearing until

June 17, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On 7th December, 1897, judgments were recovered against Paul J. Zeigler and Virginia

S. Zeigler, in favor of the T. T. Haydock Carriage Company, for $1,470.75, and in favor of the Union Savings Bank and Trust Company, as assignee of the T. T. Haydock Carriage Company, for $761.19 and for $167.54. The T. T. Haydock Carriage Company, having acquired by assignment the two judgments in favor of the Union Savings Bank and Trust Company, caused execution on all the judgments to be issued against the defendants, and directed the sheriff to levy on and sell thereunder the property of Virginia S. Zeigler. The judgment debtors, Paul J. Zeigler and Virginia S. Zeigler, then filed an *ex parte* petition in the original causes, in which the judgments were covered, alleging the judgment to be satisfied and praying for an injunction against the enforcement of the executions. On this petition, and exhibits attached, Judge Aldrich made a temporary restraining order, in which he required the judgment creditor to show cause why the enforcement of the execution should not be enjoined until the final determination of the question involved. No summons was issued and no separate action for injunction was instituted, but the judgment creditor filed an answer and return, denying that the judgments had been satisfied or that anything had been paid thereon except the sum of one hundred dollars. Upon hearing the return, Judge Aldrich enjoined the judgment creditor from enforcing the executions until the case should be heard on the merits. From this order the T. T. Haydock Carriage Company, the judgment creditor, appeals.

These facts, bearing on the issue made as to the satisfaction of the judgment, were alleged in the petition and admitted in the answer. After the judgments were entered Paul J. Zeigler was adjudged a bankrupt; the judgments were included in his schedule of liabilities; and he was absolutely and finally discharged therefrom. On 24th November, 1903, the T. T. Haydock Carriage Company wrote to Paul J. Zeigler the following letter: "Replying to your favor of recent date, offering us $100 in full payment of our claim

against you, will say that we will accept same on receipt of postoffice order for the above amount, and you may hold this letter as a receipt in full for all claims and demands against you and your wife; and just as soon as the postoffice order is received we will send you the proper kind of receipt. Kindly give this your attention and let us have remittance by return mail, and oblige." On 3d December, 1903, the judgment creditor issued a receipt in these words: "Received of P. J. and Virginia S. Zeigler one hundred dollars, in full of all claims and demands to date."

The petition alleges that Paul J. Zeigler entered into negotiations for the settlement of the judgments at the request of his wife, Virginia S. Zeigler, and in order to relieve her from the judgments entered against her because of her suretyship for him. The answer admits the agreement to accept one hundred dollars in full of the judgments, and the receipt issued in pursuance of the agreement, but denies any other agreement.

The payment of a sum smaller than a liquidated debt, in pursuance of an agreement, not under seal, to accept such sum in satisfaction can not be satisfaction of the whole. Such payment, notwithstanding the agreement, operates only as a payment *pro tanto*. This rule was derived from Pinnel's Case, Coke V, 117, a, and is generally accepted where the common law prevails. *Foakes* v. *Beer,* 54 L. J. Q. B., 130, 1 Eng. Rul. Cas., 370; 1 Cyc., 319; 1 Am. & E. Enc., 413; 1 Smith's Leading Cases, 146. Though much dissatisfaction has been expressed with it, it is firmly established in this State. *Corbett* v. *Lucas & Dotterer,* 4 McC., 323; *Hope* v. *Johnston & Cavis,* 11 Rich. L., 135; *Arnold* v. *Bailey,* 24 S. C., 493; *Riggs* v. *Association,* 61 S. C., 456, 39 S. E., 614. Owing to this dissatisfaction with the rule itself, the Courts have resorted to very technical distinctions to escape its application. It has been held that if the payment of the smaller sums be made with an agreement for satisfaction before maturity (*Eve* v. *Moseley,* 2 Strob., 203), or by a

promissory note (*Libree* v. *Tripp,* 15 M. & W., 23), or by check (*Goddard* v. *O'Brien,* 9 Q. B. D., 37), or in pursuance of an agreement with other creditors (*Pierce* v. *Jones,* 8 S. C., 273), or by money received from a third person under no legal obligation to pay the debt, *Bidder* v. *Bridges,* 57 L. J. Ch., 300, 1 Eng. Rul. Cas., 393; *Marshall* v. *Bullard,* 54 L. R. A., 862, the case falls without the rule in Pinnel's case, and the debt is satisfied. Other cases might be cited on each of these distinctions. All of them are supposed to fall under the doctrine stated by Lord Coke, as decided in Pinnel's case, that if anything is accepted by the creditor as payment in full, which might by possibility be more beneficial to him than his debt, the Court will not inquire into the adequacy of the consideration, but will hold the debt satisfied.

In this case the debtor, Paul J. Zeigler, had been absolutely discharged from the debt, and if he paid the sum of one hundred dollars, as seems to be alleged by the petition, by the request or with the consent of Virginia S. Zeigler, the debtor who remained bound, then the debt was satisfied, for the reason that one hundred dollars paid to the creditor's hands by Paul J. Zeigler, a person under no legal obligation to pay the debt, might well be more beneficial than the obligation of Virginia S. Zeigler to pay a much larger sum.

There was no error in granting the order enjoining the enforcement of the execution. There was error, however, in not requiring the usual injunction undertaking.

The judgment of this Court is that the order of the Circuit Court be modified so as to require of the petitioners a written undertaking, with sureties to be approved by the Clerk of the Court of Common Pleas of Barnwell county, to the effect that he will pay to the T. T. Haydock Carriage Company such damages, not exceeding five hundred dollars, as it may sustain by reason of the injunction, if the Court shall finally decide that the petitioners were not entitled thereto.

June 17, 1909. PER CURIAM. All the matters set out in the petition for rehearing were fully considered before the decision of the cause, and the petition is, therefore, dismissed, and the order staying the remittitur revoked.