7856

DAVIS & BROADWAY v. BARWICK & SON.

1. PLEADINGS—COPARTNERSHIP.—After answer on merits and trial entered into, defendants cannot on motion of nonsuit object that there was no formal allegations in the complaint of defendants' copartnership.

2. EVIDENCE—IBID.—In suit for possession of personal property under chattel mortgage, admission in evidence of the mortgage reciting the partnership is proof thereof.

3. MORTGAGES.—A CHATTEL MORTGAGE given to secure "any further sum of money which may be due and owing at any time during the current year" *held* to secure a balance of an account for the previous year.

4. APPEAL.—Admission of parol evidence as to the intention of the parties to include the balance of a past due account, in the mortgage and submission of this issue to the jury, is too favorable to appellant and not ground for appeal.

5. PAYMENT.—An agreement to accept a less sum than amount due on an account as satisfaction for the whole not supported by any consideration is of no effect and is a payment *pro tanto* only.

Before PRINCE, J., Clarendon. September, 1910. Affirmed.

Action by Davis & Broadway against L. S. Barwick & Son. Defendants appeal.

*Mr. L. D. Jennings,* for appellant, cites: *Payment pro tanto can only satisfy whole on consideration:* 20 S. C. 62; 6 Ency. 682; 1 Ency. 419; 8 Cyc. 505.

*Messrs. Davis & Weinberg,* contra, cite: *Mortgage is some evidence of the partnership of the mortgagors:* 55 S. C. 547; 29 S. C. 258; 32 S. C. 187; 43 S. C. 17. *An agreement with bankrupt does not relieve the defendants of moral obligation to pay whole:* Black on Bank, 103-4; 33 Ark. 651; 27 Ark. 619; 44 Vt. 518; 30 N. W. 347; 3 S. W. 837.

April 8, 1911.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   In this action for the possession of a lot of cotton, corn and other produce, three horses and one mule, the defendants appeal from a judgment in favor of the plaintiffs.

In the body of the complaint there was no allegation of the copartnership of the defendants to correspond with the caption, which stated the names of the defendants as Larry S. Barwick and J. O. Barwick, copartners as L. S. Barwick & Son. The defendants having answered to the merits and having gone to trial without demurring or asking that the complaint be made more definite and certain, the objection that there was no formal allegation of their copartnership was not available on a motion for nonsuit. Code of Procedure, section 197; *Harle* v. *Morgan,* 29 S. C. 258; 7 S. E. 487. *Blakely* v. *Frazier,* 11 S. C. 122.

Nor was there error in refusing to order a nonsuit for lack of proof of the copartnership of the defendants. The mortgage, under which the plaintiffs claimed and which was set up in the answer of the defendants, recited the copartnership of the defendants, and when it was introduced its recitals became evidence of the existence of the copartnership of the defendants.

The substantial question on trial was whether the defendants had paid the mortgage debt.    If there was an unpaid balance due on the mortgage, then its condition had been broken and the plaintiffs were entitled to the possession of the property covered by it; if there was no balance due on the mortgage, then the plaintiffs had no valid claim to the property.    The mortgage contained these provisions relating to the debt secured by it.    "That the party of the first part agrees to make advances of money or supplies to the party of the second part, who is engaged in the cultivation of the soil on his wife's lands, and Est. Staggers 60 acres cotton and 20 acres corn farm, in said county and State, from time to time during the current year, to enable said party to make a crop thereon; said advances not to exceed the sum of $600, but the amount and kind thereof, whether in money or supplies, to be at the option of the party of the first part. * * * That the party of the second part in consideration of one dollar paid by the party of the first part, *and in order to further secure the payment at the time aforesaid, of any and all such other and further sums of money, and the interest thereon, which the party of the second part may be due and owing unto the party of the first part at any time during the current year,* doth hereby bargain and sell and assign by way of mortgage to the party of the first part. * * * This deed of bargain and sale to become null and void only upon the payment in full by the party of the second part of all such indebtedness as may become due or owing by such party of the first part during the current year; otherwise to remain in full force and virtue."

At the time the mortgage was given, March 19, 1909, there was an unpaid balance of $131.01 owing by the defendants to the plaintiffs for the year 1908.    The total amount advanced for the year 1909 was $469.06.    This with the balance of $131.01 from the year 1908 made an aggregate of $600.07.    The defendant made a payment of $490, which

left the amount claimed by the defendant as due on the mortgage debt $110.07. The defendants' contention was that the mortgage was by its terms limited to debts actually contracted during the year 1909, and therefore could not be extended to embrace the balance brought over from 1908. The construction of the mortgage on this point is not entirely free from difficulty. The Circuit Judge held that it covered the balance, if any, brought over from the year 1908, and so charged the jury. The words italicized express that it shall secure "any other and further sums of money * * * which may be due and owing * * * at any time during the current year." The balance, if any, brought over from 1908, was a sum of money due and owing during the year 1909, and therefore fell under the express terms of the mortgage. The Court is not at liberty to limit the very comprehensive words, "further sums of money due and owing" during the current year, to the much more restricted meaning of sums of money *advanced* during the year 1909. The exceptions on this point cannot be sustained.

Parol testimony was introduced on both sides on the issue whether the parties intended to embrace the balance of $131.07 in the mortgage. With respect to the effect of this testimony the jury were instructed that "if the minds of the parties did not meet in the understanding or agreement that the old debt was to be secured by that paper, that it is not secured by it. But if there was an agreement that it was to be secured by the paper that is offered, that is sufficient to secure." Since the balance for 1908, if any, was covered by the terms of the mortgage itself, it was favorable to the defendants that the issue of the intention of the parties under the parol evidence should be submitted to the jury; and the defendants have no ground to complain on that point.

The defendants set up the defense of payment of the debt brought over from 1908 by payment of a sum less than the debt which was accepted by the plaintiffs as full settlement.

On this point there was parol evidence on the part of the defendants tending to show that they had been adjudged bankrupt in 1908, and that pending the bankruptcy proceedings, the defendants, at the request of the plaintiffs, agreed that they would not include the debt due the plaintiffs in the schedule of debts filed in the bankrupt court, but would pay them in discharge of the debt as large a percentage as other creditors received whose claims were listed; and that the defendants complied with this agreement by paying the plaintiffs in discharge of their debt somewhat over twenty-five per cent. of the sum due them, which was the proportion received by the other creditors. The record of the proceedings in bankruptcy was not introduced, but no question was made of the admissibility of parol evidence as to the proceedings, nor as to the legality of an agreement by a bankrupt to settle with one of his creditors outside of the bankrupt court.

The Circuit Judge charged the jury that the alleged agreement of the bankrupt to settle for less than the amount actually owing was of no effect because it was without consideration. The payment of a sum smaller than a liquidated debt, in pursuance of an agreement, not under seal, to accept such sum in satisfaction cannot be satisfaction of the whole. Such payment notwithstanding the agreement operates only as a payment *pro tanto*. *Ex parte Zeigler,* 83 S. C. 80, 64 S. E. 513. To escape the hardship of this rule, the Courts have held that very slight consideration will take a case out of it. But in this case we are unable to find any consideration. It is true that the debtor testified that he agreed to pay the same per cent. that other creditors should receive in the bankrupt proceedings in consideration of the plaintiffs agreeing not to proceed by law to collect in the bankrupt court. But in all instances where a creditor accepts less than the full amount due in settlement, he frees himself from the trouble of taking legal proceedings to collect. It may be that the Courts ought to have held in Pinnell's case and the other

cases which followed it, that being relieved of the trouble of suit and of the doubt of ultimate collection was a sufficient consideration to support an agreement to settle for less than the amount due.   But the rule has been settled otherwise.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.