12723

S. LANDOW & CO. v. RIZER

(149 S. E., 225)

*Messrs. E. H. Henderson,* and *R. C. Hardwick,* for appellant,

*Messrs. Kearse & Kearse,* for respondent,

August 23, 1929.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an action for $178.16, a sum representing the freight upon a carload of watermelons shipped by the defendant to the plaintiffs from Olar, S. C., to New Haven, Conn., under an agreement of sale for which the plaintiffs were to pay the defendant the sum of $300.00, less the freight, but by mistake the bank which handled the order notify shipment remitted to the defendant the sum of $300.00, inadvertently failing to deduct the freight of $178.16, and charged the amount so remitted to the plaintiffs. The action is for the recovery of the amount so remitted in error.

There is no conflict in the testimony as to the facts constituting this cause of action, and it should have been so regarded by his Honor, the presiding Judge. So much of the case, therefore, is concluded, that the defendant owes the plaintiffs $178.16, with interest from August 14, 1925.

The defendant in his answer interposed seven counterclaims. The first five may be considered in group. The de-

fendant shipped a number of cars of melons to the plaintiffs; the plaintiffs, upon notices of arrival, wired the defendant that the melons were defective or underweight, and asked him to make a reduction of the price. They agreed upon the reduction, and the plaintiffs paid the defendant in full therefor. The reductions on the five shipments amounted to $225-.00. The defendant now claims that after this settlement he ascertained that the shipments were not defective and underweight, and seeks to reopen the controversies as to all of them after having agreed to a settlement and been paid.

The last two counterclaims were for the shipments of two cars of melons, order notify shipments, which were refused by the plaintiffs. The defendant offered no evidence as to the condition of the melons; in fact, admitted that he had never seen them, and could not say what that condition was; but that the acceptance of them was refused by the plaintiffs.

At the close of all of the evidence, each party moved for a directed verdict. The motions were refused, and the case submitted to the jury, which returned a verdict in favor of the defendant for $256.84, manifestly made up as follows:

Amount claimed by the defendant upon his seven
 counterclaims ...........................$ 435.00
Amount of the freight paid by the plaintiffs in error,
 for which the suit was brought ........... 178.16

  Verdict .............. ....................$ 256.84

We think that his Honor should have directed a verdict in favor of the plaintiffs for $178.16 upon their cause of action, with interest from the time of the payment of the freight in error, and in favor of the plaintiffs upon the seven counterclaims interposed by the defendant.

As to the five first counterclaims there was accord and satisfaction. 1 C. J., 523, 555; *Parker v. Mayes,* 85 S. C., 419, 67 S. E., 559, 137 Am. St. Rep., 912; *Ex Parte Zeigler,* 83 S. C., 80, 64 S. E., 513, 916, 21 L. R. A. (N. S.), 1005; *Strange v. Refining Co.,* 142 S. C., 102, 140

S. E., 307; *Chicago, M. & St. P. R. Co. v. Clark,* 178 U. S., 353, 20 S. Ct., 924, 44 L. Ed., 1099; *Riggs v. Home Association,* 61 S. C., 448, 39 S. E., 614.

Upon the last two counterclaims the defendant failed to show the condition of the melons when they reached the plaintiffs. Unless there was a contract of sale antedating the order notify shipments, the defendant had no claim upon the consignee until acceptance of the draft.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for the entry of judgment in favor of the plaintiffs under Rule 27, as hereinabove indicated.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE CARTER did not participate.