# Howell & Jones, Inc., v. Martz Coach Co., Inc., et al.

*Charles H. Miner, Jr.*, and *Edwin Shortz, Jr.*, for plaintiff.

*Abram Salsburg*, for defendants.

APONICK, J., March 13, 1939.—Plaintiff claims of the White Transit Company, Inc., a certain sum of money as the balance of premiums due upon an oral contract for fire insurance policies. Plaintiff instituted suit originally against White Transit Company, Inc., and the Frank Martz Coach Company, Inc. Shortly after the issuance of the summons, the Frank Martz Coach Company, Inc., filed a petition in the Federal District Court for the Middle District of Pennsylvania for reorganization under section 77B of the Bankruptcy Act of July 1, 1898, 30 Stat. at L. 544, as amended by the Act of August 12, 1937, 50 Stat. at L. 622. Later, by agreement of counsel, this court granted an order by which this action was discontinued and dismissed against Frank Martz Coach Company, Inc., and an amended statement of claim was filed against the remaining defendant. Subsequent to the filing of the amended statement of claim, plaintiff filed a proof of claim for the full amount of the debt in this suit

in the bankruptcy proceedings of the Frank Martz Coach Company, Inc., and said claim was allowed. A plan of reorganization was submitted in the bankruptcy proceeding providing for a payment of 25 percent to all unsecured creditors. Plaintiff did not accept this plan. However, the necessary number of creditors having agreed to the proposed plan, the Federal district court confirmed it and issued an order making it binding on all creditors. Plaintiff received payment of 25 percent of its claim in full satisfaction and discharge of the obligation against Frank Martz Coach Company, Inc. At the time this case was heard by the court without a jury, counsel for White Transit Company, Inc., raised the question of law that by the acceptance of the aforesaid check, plaintiff also released and discharged the remaining defendant from all liability on this obligation. Counsel for both parties agreed that no testimony should be presented until after the court disposed of this question of law.

In his brief, counsel for White Transit Company, Inc., now contends that this obligation was the individual debt of the Frank Martz Coach Company, Inc. This contention is without merit because these policies were issued and delivered to both defendants and the general rule is that an obligation entered into by more than one person is presumed to be a joint obligation.

The Bankruptcy Act of 1898, supra, sec. 16, 11 U. S. C. §34, provides:

"Co-Debtors of Bankrupts.—The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

This section expressly provides that a joint debtor is not discharged by a discharge in bankruptcy of the other joint debtor.

There is a difference between this case and the case where a co-debtor is voluntarily discharged by the creditor. A discharge under section 77*B* of the Bankruptcy Act, supra, 11 U. S. C. §207(*g*), is not a voluntary dis-

charge. The act provides that upon confirmation the provisions of the plan shall be binding upon all creditors, including creditors who have not accepted it. The discharge of the debtor under this act occurs by operation of law and therefore a co-debtor is not discharged: In re American Paper Co., 255 Fed. 121.

Counsel for White Transit Company, Inc., argues that this was a voluntary discharge because after confirmation of the plan plaintiff endorsed a check upon which there was printed above the endorsement a statement that it was a receipt in full and a release and discharge of Frank Martz Coach Company, Inc. Since payment was made under a plan in accordance with section 77$B$ of the act, the aforesaid statement merely recited what was an actual fact, that is, that Frank Martz Coach Company, Inc., was discharged. Plaintiff had no other alternative but to accept this check and such an acceptance cannot be said to have been a voluntary discharge. This release above plaintiff's endorsement was superfluous and unnecessary and merely stated a situation which already existed and had no bearing on the liability of the co-debtor.

All the cases cited by counsel for White Transit Company, Inc., are the ordinary cases in which the co-debtor was voluntarily discharged and therefore these cases are not in point. In Ex parte Zeigler, 83 S. C. 78, 64 S. E. 513, the creditor expressly agreed to discharge both debtors.

The text contained in 6 Am. Jur. §512 states that:

"The liability of a person who is a codebtor with, or guarantor or, in any manner, surety for, a bankrupt is not altered by the discharge of such bankrupt. Thus, the release of a judgment debtor by his discharge in bankruptcy does not release his codebtor in the judgment."

See also Myers v. International Trust Co., 273 U. S. 380 (1927).

There is no question but that, under ordinary circumstances, the release of one joint debtor will release the other co-debtors upon that obligation. But the reason for

this principle is the protection of the co-obligor from losing its right to enforce contribution from the other joint debtors. In the case of a bankruptcy proceeding involving one of the joint debtors, the co-obligor is benefited by the efforts of the creditor to secure a pro rata share of the assets of the bankrupt to pay the obligation. It is obvious that if the creditor did not present a claim in the bankruptcy proceedings, he could hold the solvent obligor for the full amount. It would be manifestly unjust to hold that the creditor by taking steps which directly benefit the solvent debtor by reducing his obligation is to be denied all recovery from the joint obligor so benefited. Accordingly,

Question of law is decided in favor of plaintiff.