RIGGS v. THE HOME MUTUAL FIRE PROTECTION ASSN. OF SOUTH CAROLINA.

1. PRACTICE—DEMURRER.—It is sufficient compliance with Rule 18 of the Circuit Court, to serve a written demurrer that complaint does not state facts sufficient to constitute a cause of action, and then to submit at hearing the specific grounds of objection in writing.

2. ACCORD AND SATISFACTION—RELEASE—INSURANCE—FRAUD.—Where the insured accepts from insurance company less than the amount called for in the policy in satisfaction of his loss, he cannot afterwards sue company for balance under the policy, without repaying or offering to the company the amount so paid, although he alleges the amount was so accepted by reason of the fraud and false representations of the defendant's agent.

3. IBID.—IBID.—PAYMENT—INSURANCE.—The doctrine that payment in part of amount due on a contract at or after maturity does not operate as satisfaction of whole, does not apply to an unliquidated loss under an "open" insurance policy.

Before WATTS, J., Dorchester, May term, 1900. Affirmed.

Action on insurance policy by O. R. Riggs against the Home Mutual Fire Protection Association of South Carolina, on the following complaint:

"The plaintiff above named, complaining of the defendant, above named, alleges:

"I. That the defendant at the times hereinafter mentioned was, and now is, a corporation duly created under and by virtue of the laws of the State of South Carolina, and as such can sue and be sued, plead and be impleaded in the Courts of this State and the United States.

"II. That by virtue of the authority granted it through its charter and the by-laws formed for the governance of its business, the defendant is empowered to insure against damage or loss by fire the buildings and contents of the buildings of its members.

"III. That on the    day of       , A. D. 1896, plaintiff applied for and was admitted into the membership of and obtained insurance against loss by fire upon his stock of general merchandise in his storehouse in Ridgeville, State and county aforesaid, to the amount of $1,500 in said defendant's corporation in consideration of payment by plaintiff of the regular membership fee and premium charged upon said amount of insurance, and on the    day of       A. D. 1897, the plaintiff obtained additional insurance upon said stock to the amount of $500 in said defendant corporation in consideration of payment by plaintiff of the premium charged upon said amount of insurance, and the defendant, by its agent, duly authorized thereto, made its policies of insurance, in writing, for said amounts, and thereby insured the plaintiff against loss or damage by fire to the amount of $2,000 of his said stock of general merchandise.

"IV. That at the time of making said insurance, and from then until the fire hereinafter mentioned, the plaintiff had an interest in the property insured, as owner thereof, to an amount greatly exceeding the amount of said insurance.

"V. That on the 27th day of November, 1897, said store-

29—61

house and said stock of general merchandise were totally destroyed by fire, which did not happen from any of the causes excepted in said policies of insurance.

"VI. That the plaintiff duly fulfilled his obligations as a member of said association and all the conditions of said insurance policies, and in accordance with their requirements gave to the defendant due notice and proof of the fire and loss aforesaid, and duly demanded payment of the said sum of $2,000.

"VII. That at the times hereinbefore and hereinafter mentioned, Thos. F. Harmon was the general agent of said defendant.

"VIII. That on or about the 15th day of January, 1898, the said Thos. F. Harmon, general agent of the defendant, offered to pay to this plaintiff in satisfaction of the amount due on said policies of insurance the sum of $1,000, wantonly, maliciously, and with intent to defraud, falsely representing to this plaintiff that the said defendant was insolvent; stating that the said defendant would be forced to go into the hands of a receiver should the plaintiff persist in demanding the payment of the full amount due him by said defendant, and that should a receiver be appointed for the said defendant, the plaintiff would not realize ten cents on the dollar for his claim.

"IX. That the plaintiff, on account of the said false representations and statements, and for no other reason, agreed to receive in settlement of the said sum of $2,000, due him by said defendant, the sum of $1,000, and did, in accordance with such agreement, receive from said defendant the sum of $1,000 in satisfaction of the full amount due him, and delivered up the said policies of insurance to the said Thos. F. Harmon to be cancelled.

"X. That plaintiff is informed and believes, and so avers, on information and belief, that the defendant was at the time of the aforesaid settlement, and is now, solvent.

"Wherefore plaintiff demands judgment against said defendant:

"I. For the sum of $1,000, with interest at the rate of seven per cent. per annum, from the 15th day of January, 1898.

"II. For the costs and disbursements of this action.

"III. For such other and further relief as may be just."

The defendant filed the following demurrer:

"The defendant demurs to the complaint herein on the ground that it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action against this defendant."

The demurrer was sustained on Circuit by the following order:

"This case comes on for hearing on the demurrer of the defendant, that the complaint does not state facts sufficient to constitute a cause of action against the defendant. The defendant bases the demurrer on the following grounds:

"1. That it appears on the face of the complaint that the plaintiff's claim against the defendant had been paid and discharged before the commencement of this action.

"2. That it does not appear from the complaint that the plaintiff had rescinded the contract under which he received payment and satisfaction of his claim against the defendant, and had returned or offered to return to the defendant the $1,000 received by him from the defendant in payment and satisfaction of his said claim before the commencement of this action.

"3. That the plaintiff cannot maintain this action, because it does not appear that he had returned or tendered to the defendant the sum of $1,000, paid to the plaintiff by the defendant and accepted by the plaintiff in satisfaction and discharge of his claim before the commencement of this action.

"After hearing argument by counsel for plaintiff and defendant, I have concluded that the demurrer should be sustained on the three grounds set out above.

"It is, therefore, ordered, that the demurrer of the defendant be sustained and that the complaint be dismissed."

Plaintiff appealed on following exceptions:

"You will please take notice that in pursuance of our 'notice of intention to appeal,' herein heretofore served upon you, we herewith submit the following 'exceptions' to the order of Hon. R. C. Watts, made on May 23, 1900, and will move the Supreme Court at its next sitting to reverse and set aside such order upon the grounds set out in such 'exceptions.'

"I. Because it is respectfully submitted that the presiding Judge erred in not holding and deciding that the demurrer interposed by the defendant was too general and indefinite, it failing to set out wherein such complaint did not state facts sufficient to constitute a cause of action.

"II. Because the presiding Judge erred in not holding and deciding that the complaint herein was upon the original contract of insurance, and as such set out facts sufficient to constitute a cause of action.

"III. Because the presiding Judge erred in not holding and deciding that, as the complaint set out the original contract, the receipt of a less sum than that contracted for thereby and a release obtained by fraud, it did set out facts sufficient to constitute a cause of action.

"IV. Because the presiding Judge erred in not holding and deciding that the release set out in the complaint was not a new and original contract between plaintiff and defendant, and that no rescission thereof is necessary if the same be a nullity, and therefore need not be alleged.

"V. Because the presiding Judge erred in not holding and deciding that it is not necessary that a creditor who claims under an admitted contract for a greater liquidated sum, and who takes in composition a lesser sum, should pay back the sum received before bringing suit, and that it was therefore not necessary to allege the same.

"VI. Because the presiding Judge erred in holding and

deciding that it appeared on the face of the complaint that the plaintiff's claim had been paid and discharged before the commencement of this action and in sustaining on such ground the demurrer herein."

*Messrs. Bellinger & Behre,* for appellant, cite: *Demurrer not in proper form:* C. C. Rule XVIII.; 55 S. C., 437; 59 S. C., 1. *The complaint is based on original policy and is an action ex contractu:* 1 Strob., 396. *The release having been obtained by fraud, return of consideration not necessary:* 11 Wash., 653. *Release not a new contract, therefore, its recession not necessary:* 109 Ill., 129; 69 N. W. R., 63. *Rules governing actions ex delicto and ex contractu differ widely:* 132 N. Y., 49. *Payment of plaintiff's claim not alleged:* 69 N. W. R., 63.

*Messrs. Mower & Bynum,* contra, cite: *Demurrer was in proper form:* Code, 165, sub. 6, 169; Rule XVIII., C. C.; 43 S. C., 244; 42 S. C., 498; 6 Ency. P. & P., 314; 19 L. R. A., 790; Maxw. Code Plead., 381; Bayliss Code Pl., 216, 217; Bliss Code Pl., 416; 8 How. Pr., 177; 13 Colo., 280; 40 Ind., 424. *Plaintiff's claim had been paid and discharged before action brought:* 96 U. S., 430; 1 Adol. & El., 106; 136 Mass., 503; 43 Conn., 455; 44 Conn., 541; 7 Gill (Md.), 5; 103 Mass., 33; 52 Mo., 224; 52 Ind., 439; 138 N. Y., 231; 31 Minn., 434; 24 Fla., 181; 6 Colo., 162; 17 Minn., 142; 52 Miss., 494; 117 Mass., 479. *Contract of settlement had not been rescinded, and consideration had not been returned or tendered, action will not lie:* 19 S. C., 565; 63 Me., 440; 56 S. C., 508; 117 Mass., 479.

August 22, 1901.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.  This is an appeal from an order sustaining a demurrer to the complaint based upon the ground that it does not state facts sufficient to constitute a cause of action.  The "Case" contains the following state-

ment: "A demurrer was interposed as set out in the 'Case,' and duly served on plaintiff's attorneys, who returned the same the next day with the following indorsement: 'Returned because demurrer does not state wherein the complainant is insufficient' (signed by plaintiff's attorneys)." The case was heard by his Honor, Judge Watts, on the 23d day of May, 1900, "at which time the three grounds of demurrer were presented in written form." The Judge ruled that the demurrer was in proper form, and he made an order sustaining the demurrer, from which plaintiff appeals on the several grounds set out in the record. For a proper understanding of the questions presented by this appeal, copies of the following papers as set out in the record should be incorporated by the Reporter in his report of the case, to wit: the complaint, the deumrrer, the order of the Circuit Judge, and the exceptions thereto.

The first exception raises a question of practice which will first be disposed of. Prior to the comparatively recent amendment to Rule 18 of the Circuit Court, it was not necessary to make any statement in writing when a demurrer was interposed to a complaint upon the ground that the facts stated therein were not sufficient to constitute a cause of action; and the effect of that amendment was simply to require the demurrent to state, in writing, "wherein the pleading objected to is insufficient;" but the rule, as amended, does not state, in express terms, *when* this must be done; though the language used necessarily implies that it may be done at the hearing below—"the grounds upon which said motion is made, must be reduced to writing by the counsel submitting the same, *or taken down by the stenographer under the direction of the Court."* This language shows clearly that if the grounds are reduced to writing *at the hearing,* either by the counsel or the stenographer, that will be sufficient; and this, as we understand, has been the uniform practice ever since the rule was amended. This is what was done in the present case, as is shown by the fact that the grounds are incorporated in the order from which

this appeal was taken.    And as the object of the amendment
was to make it appear to this Court what points were con-
sidered and passed upon by the Court below, we think that
the requirements have been fully met in this case.    The first
exception is, therefore, overruled.

The other exceptions need not be considered *seriatim,* as
they substantially raise the single question, whether a person,
holding two policies of insurance, such as those described
in the complaint, amounting in the aggregate to the
sum of $2,000, can, after receiving the sum of $1,000
in satisfaction of the full amount, and delivering up
to the agent of the insurance company the said policies of
insurance to be cancelled, in pursuance of an agreement to
that effect, maintain an action upon the said policies, without
first paying back or tendering to the insurance company the
amount so received by him under said agreement, even
though he alleges that he was induced to enter into such
agreement and to carry out its terms by the fraud and false
representations of the agent of the insurance company.
This question has been conclusively determined adversely to
the view contended for by appellant by the decision of this
Court in the recent case of *Levister* v. *Railway Company,* 56
S. C., 508, where this Court held that one, who has sus-
tained injuries by the alleged negligence of a railway com-
pany, and, for a valuable consideration, has released the
company from all liability therefor, cannot maintain an
action for damages sustained without first returning, or
offering to return, the consideration so received, even though
he alleges that such release was obtained by fraud.    It is
true, as contended for by counsel for appellant, that in the
case cited the action was *ex delicto,* while here it is *ex con-
tractu;* but it is an entire mistake to suppose that this Court
either said or implied that the rule there laid down applied
only to cases of tort and not to cases *ex contractu.*    On the
contrary, this Court, after laying down the fundamental
principle based upon the plainest principles of justice and
fair dealing, that it would be fraud to allow a person, after

executing a release of all claims against another in consideration of a sum of money paid to him, to repudiate the obligations which he assumed by executing the release, and at the same time retain the benefits which he received by executing the release; and after stating that the authorities elsewhere are in conflict, proceeds to cite our own case of *McCorkle* v. *Doby,* 1 Strob., 396, which was an action *ex contractu* and not an action *ex delicto,* and to quote therefrom as follows: "It is generally affirmed as a rule, that fraud avoids all contracts. But it would be more correct to say, fraud makes all contracts voidable, for it is at the option of the party to be effected by the fraud, whether or not he will treat the contract as void and rescind it. The right to rescind, however, is subject to this restriction, that if, after the discovery of the fraud, one party still avails himself of the benefit of the contract or permits the other to proceed with the execution of it, he will thereby be held to have waived the tort and affirmed the contract"—citing the case of *Campbell* v. *Fleming,* 1 Ad. & El., 40, which was a case *ex contractu.* It is quite clear, therefore, that there is no foundation whatever for the assumption that this Court, in Levister's case, recognized any such distinction as that contended for by counsel for appellant, but that, on the contrary, the decision in that case was based upon a fundamental principle founded in the plainest principles of justice, and alike applicable to cases *ex contractu* as well as cases *ex delicto.*

. Some of the exceptions make the point that, under the old rule, established as far back as Lord Coke's time, in *Pinnel's Case,* 5 Coke Rep., 117, that the payment of a less sum than the whole amount due, at maturity or afterward, cannot be a satisfaction of the debt. That rule has been the subject of much comment, and dissatisfaction with it has been expressed by several Judges. But in this State it has been expressly recognized in several cases. *Eve* v. *Mosely,* 2 Strob., 203; *Hope* v. *Johnston & Carvis,* 11 Rich., 135, and others, and must still be recognized by us, if it is applicable to the present case; though in one of

our cases (*Bolt* v. *Dawkins,* 16 S. C., at page 214), it is spoken of as "an artificial rule which has no foundation in reason and ought not to be extended." But this ancient rule has been modified in several respects, as may be seen by consulting the notes to the case of *Cumber* v. *Wane,* 1 Smith Lead. Cas., marg. page 146, and the note appended to the case of *Hope* v. *Johnston & Carvis, supra,* by that accomplished Reporter and learned lawyer, the late Jas. S. G. Richardson. The modification to which we desire to call special attention (if, indeed, it can be properly termed a modification), is that it is now well settled that it applies only to *liquidated* debts and has no application to *unliquidated* claims; and this, it seems to us, is implied by the very terms of the rule; for if the claim is unliquidated, it cannot be known, with any certainty, what is the amount really due; whereas, if the claim has been liquidated by the agreement of the parties, there can be no dispute as to the amount really due at the time of the making of the contract. Thus in the 1st vol. of that valuable work now in the course of publication, "Cyclopedia of Law and Procedure," at page 329, in an article prepared by that distinguished text-writer, Judge Seymour D. Thompson, it is said: "Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed, in satisfaction, operates as an accord and satisfaction; as the rule that the receiving of a part of the debt due under an agreement that the same shall be in full satisfaction is no bar to an action to recover the balance, does not apply where the plaintiff's claim is disputed or unliquidated"—citing a number of cases, amongst which is *Baird* v. *United States,* 96 U. S., 430, in which the late Chief Justice Waite, in delivering the opinion of the Court, says: "It is, no doubt, true that the payment by a debtor of a part of his liquidated debt is not a satisfaction of the whole, unless made and accepted upon some new consideration; but it is equally true, that, where the debt is unliquidated and the amount is uncertain, this rule does not apply. In such cases the question is, whether the payment was in fact made and

accepted in satisfaction." So that the only remaining inquiry is whether the plaintiff's claim was liquidated or unliquidated. If it was the latter, as we think it was, then the plaintiff cannot invoke the rule first considered; for, as we have seen, it does not apply to such a case. The precise nature of the policies sued upon do not appear, as copies of the policies are not set out as exhibits to the complaint, as is usually done; for the obvious reason that he alleges in his complaint that upon the payment of the sum of $1,000, which he agreed to receive in full satisfaction of his claim, he delivered up the said policies of insurance to the agent of the insurance company to be cancelled; and it is but reasonable to assume that they were cancelled. We can only determine, therefore, whether these policies were *"open* policies," which are most commonly used, or *"valued* policies," by an inspection of the terms in which they are described in the complaint; and we do not find there a single allegation which would impart to these policies the character of valued policies; but, on the contrary, they appear to have been open policies, such as are ordinarily in use. For the difference between these two kinds of policies, see 13 Am. and Eng. Encyl. of Law (2d ed.), at page 102 *et seq.* It is there said: that by an "open" policy, "the amount of liability is left 'open,' to be determined according to the actual loss, either by agreement of the parties, or upon proof in compliance with its terms, or with the rules of evidence." Whereas "a 'valued' policy is one in which the amount payable in case of loss is fixed by the terms of the policy itself, as where property is insured, valued at or 'worth' a specified amount;" and on the next page, in speaking of the "test of valued policy," it is said: "While the words 'valued at,' etc., are generally used in such a policy, any language disclosing the intent of the parties that proof shall be required of the value of the property in case of loss, is sufficient to constitute a valued policy." Now the allegations of the complaint, so far from showing that these policies contain any such language, rather implies the contrary; for it is alleged in the

6th paragraph of the complaint that the plaintiff gave to the defendant "due notice and proof of the fire and loss," as required by said policies. It is clear, therefore, that the allegations of the complaint fail to show that these policies were "valued" policies, or were anything more than the usual "open" policies. It follows, therefore, that the claim of the plaintiff, as shown by his complaint, was nothing more than an unliquidated claim, the amount of which had never been adjusted or ascertained either by the agreement of the parties or otherwise; and hence the ancient rule, derived from Pinnel's case, has no application to this case. While, therefore, the allegations of the complaint may be sufficient to show that the plaintiff *once* had a good cause of action against the defendant, yet as it shows, also, that such claim has been fully satisfied and discharged by agreement between the parties, just about two years before this action was commenced, there was no error in sustaining the demurrer.

The judgment of this Court is, that the order and judgment of the Circuit Court be affirmed.