13418

LAWRENCE v. DURHAM LIFE INS. CO. *ET AL.*

(164 S. E., 632)

*Mr. L. D. Jennings,* for appellant,

*Messrs. Tobias & Turner,* for respondent,

May 31, 1932.

The opinion of the Court was delivered by W. C. COTH-RAN, acting Associate Justice.

On August 13, 1930, the plaintiff brought suit against the defendant in the Court of Common Pleas for Sumter County upon two causes of action, claiming damages in the sum of $7,500.00 in each. The two causes of action will be separately mentioned.

Omitting the formal parts, the first cause of action sets out that on July 12, 1930, the defendant issued to the plaintiff its certain policy of insurance whereby it insured the plaintiff against death in the sum of $65.00, agreeing, however, to pay the plaintiff, in the event of total disability, the sum of $5.00 per week as long as the disability continued. While the policy was in full force, the plaintiff was stricken with paralysis, thereby becoming totally and permanently disabled. For a while thereafter the defendant paid the plaintiff $5.00 per week, and later reduced the payments to $2.50 per week. Later still the agent of the defendant went to the plaintiff and by false and fraudulent representations induced the plaintiff to accept the sum of $65.00 in full of all claims and demands in connection with said policy, and, as a result of the false and fraudulent representations and conduct of the agent of the defendant, the plaintiff was forced to surrender his weekly payments and accept a lump sum of $65.00, all to his damage in the sum of $7,500.00.

The second cause of action is similar to the first, except that the policy was dated May 9, 1921, provided for a payment of $26.00 in case of death and a weekly payment of $2.00 for total disability. The weekly payment of $2.00 was made for a time, was later reduced to $1.00, and finally the policy was bought for $26.00. The allegations of fraud and misrepresentation of the agent are similar to those in the first cause of action. Damages were likewise demanded in a similar amount, to wit, $7,500.00.

The answer of the defendant, *inter alia,* admitted the payment to the plaintiff of $65.00 for one policy and $26.00 for the other, denied all allegations of fraud and misrepresentation, and alleged that the payment of the $91.00 for both policies was with the full consent, approval, and understanding of the plaintiff and also of his wife, the beneficiary.

During the course of the trial before Judge Shipp and a jury at Sumter at the fall, 1931, term of Court, it developed that the plaintiff had not paid or tendered

to the defendant the $91.00 paid to him. This fact being noticed by the Circuit Judge, he, of his own motion, ordered a nonsuit. From his ruling this appeal is taken, and the sole question presented before us is as to the correctness of that ruling.

The appellant admits the correctness of the rule announced in the case of *Levister v. Southern Railway Company,* 56 S. C., 508, 35 S. E., 207, 209, but contends that that well-established rule does not apply in this case. We quote the following excerpt from the *Levister case:* "To allow a person, after executing a release of all claims against another in consideration of a sum of money paid to him, to repudiate obligations which he assumed by executing the release, and at the same time reap the benefits which he received by executing the release, which would be a fraud, would be asking a Court to release him from a fraud which he claims was practiced upon him by another, and at the same time committing a fraud upon such other person; for certainly it would be a fraud to obtain money paid to him in consideration that he would do something which he now claims he is not bound to do and will not do, for certainly, on the theory on which he proceeds, the money which he retains is not his money, but belongs to the person against whom he is asking relief."

In support of his contention, the appellant cites the following cases: *Whittle v. Jones,* 79 S. C., 205, 60 S. E., 522; *White v. Hewitt,* 86 S. C., 576, 68 S. E., 820; *Black v. Simpson,* 94 S. C., 312, 77 S. E., 1023, 46 L. R. A. (N. S.), 137; *Bank of Johnston v. Jones,* 141 S. C., 98, 139 S. E., 190; *Galphin v. Insurance Co.,* 157 S. C., 469, 154 S. E., 855.

We have examined these cases carefully, but do not find that they change the doctrine of the *Levister case.* This case has been approved in a great number of cases, as a reference to Shepard's Citations will show.

While we sustain the order of the Circuit Judge upon the ground that there was no return or tender of the amount paid the plaintiff, which was necessary, it also appears that, by the terms of the policy referred to in the first cause of action and introduced by the plaintiff, the defendant had the right, after the total disability occurred, to treat the policy as though the insured had died and to pay the face value of same. The defendant has elected to adopt this provision of the contract, and can hardly be charged with fraud for enforcing a perfectly legal contractual right.

This provision, however, does not occur in the policy mentioned in the second cause of action, and, of course, could not be set up as a defense to the cause of action therein contained. The bar to this cause of action was the failure of the plaintiff to pay or offer to pay the $26.00 received in settlement of all claims or demands against the defendant on account of liability attendant upon issuing the policy.

Should any misunderstanding of the law exist, it may have been caused by failure to grasp the true significance of the case of *Du Pont v. Du Bos,* 52 S. C., 244, 29 S. E., 665, which holds that an offer to return was not necessary. Several of the cases appear to be predicated upon the doctrine of this case.

In the *Du Pont case* plaintiff was the legal owner of two pieces of property, a plantation in St. Andrews parish and a residence on Bull street in the City of Charleston. By reason of a forged deed, the plaintiff was misled into believing that the Bull street residence belonged to the defendant. An exchange of property was then made between the parties, the plaintiff conveying to the defendant the plantation and the defendant conveying to the plaintiff the Bull street residence. Upon hearing of the fraud perpetrated upon him by the forged deed, the plaintiff brought suit to cancel the deed which he had made to the plantation, but did not offer to reconvey the Bull street residence. In disposing

of the objection based upon a failure to ·offer to reconvey the Court says: "What duty does the plaintiff owe her (the defendant) either to rescind or offer to rescind the deed whereby he has come into his rightful possession?"

The Court therefore holds that the plaintiff was under no duty to reconvey the Bull street property, as it at all times was rightfully his own.

The distinction between these cases is so apparent at a glance that comment appears unnecessary.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.

MR. JUSTICE STABLER concurs in result.