15237

CAINES v. MARION COCA-COLA BOTTLING COMPANY *ET AL.*

(14 S. E. (2d), 10)

*Messrs. J. K. Dorman, Lonnie D. Causey,* and *Epps & Epps,* for appellants,

*Messrs. Wright & Burroughs* and *E. S. C. Baker,* for respondent,

March 31, 1941.

The opinion of the Court was delivered by MR. ASSO-CIATE JUSTICE FISHBURNE.

Alleging that he swallowed a small portion of a mangled and putrified coachroach while drinking from a bottle of Coca-Cola manufactured and sold by the corporate defendant, Marion Coca-Cola Bottling Company, and retailed by

the personal defendant, B. T. Dorman, on October 6, 1938, the plaintiff brought this action for the recovery of damages, actual and punitive. The Coca-Cola was purchased by the plaintiff for immediate consumption in Dorman's store in the City of Conway. At the close of the testimony a directed verdict was granted as to the personal defendant, but refused as to the defendant company. The jury found a verdict for the defendant company, and it is from the judgment entered thereon that this appeal is taken.

The appellant assigns error relating to the instructions given by the Court to the trial jury. Complaint is made that the Court erred in refusing the requested instruction that the Pure Food Statute would govern in this case. That instead of so doing the presiding Judge charged both the statute law and the common law, which tended to confuse and mislead the jury to the prejudice of the plaintiff's case.

The complaint contained allegations appropriate to a cause of action under the provisions of the Pure Food Statute as well as under the common law. During the progress of the trial the Court inquired of plaintiff's attorneys: "Do you base your whole cause of action on the Pure Food Act, or do you also insist on the common-law rule of due care " The attorneys replied, after some colloquy, "We are resting on the statute, the Pure Food Act."

That the action was rested solely upon the Pure Food Statute appears to have been clearly understood by defendant's attorneys. Their motion for a directed verdict was confined to a failure of proof under the statute, and it is recited in their motion, as shown by the record, that "The plaintiff brings his action under the Pure Food Law. Section 1452 of the Code." No reference whatever was made to common-law principles of negligence, either in the motion for the directed verdict made by the corporate defendant, or in the order of the Court overruling the same. In his instructions to the jury, however, the Court, in discussing the question of the defendant's liability, dealt at great length on the law of negligence and due care

as being applicable to the facts in the case. The record shows that neither side offered any evidence tending or purporting to show any negligence on the part of the corporate defendant in the manufacture and bottling of the Coca-Cola in question. The evidence made no issue as to which common-law principles might apply. In our opinion the error assigned must be sustained.

A Court is not warranted in submitting to a jury, by instructions, an issue raised by a pleading which is abandoned in open Court by the party pleading it, and in support of which no evidence is presented. The general rule is well settled that instructions should be confined to the issues made by the pleadings and that an instruction which is based on an issue not raised by the pleadings is erroneous. 64 C. J., Section 651, page 745; *Fanning v. Stroman*, 113 S. C., 495, 101 S. E., 861; *Dickson v. Epps*, 104 S. C., 381, 89 S. E., 354.

By charging common-law principles of negligence, we cannot escape the conclusion that the Court committed prejudicial error. The instructions should have been confined to the Pure Food Statute.

The only witnesses called by the defendant to testify were six jurors who had served on the jury on the first trial of this case which resulted in a mistrial. They were permitted to testify over objection that in the first trial the same bottle of Coca-Cola was introduced in evidence; that they examined the contents of the bottle at that time, and did not find anything therein in the nature of a cockroach or portions of a cockroach. They stated that the foreign matter in the Coca-Cola was parafin wax. The objection of the appellant to the evidence is that it was incompetent, contrary to public policy, and that it constituted an invasion of the secrecy of the deliberations of the jury to allow the jurors on the first trial to come into Court on the second trial as witnesses to testify as to what they had found in the contents of the Coca-Cola bottle.

While there are serious objections to allowing a juror to be called as a witness and to continue to act as a juror, it has been sanctioned in exceptional cases, such, for instance, as appears in *State v. Vari*, 35 S. C., 175, 14 S. E., 392. See also 3 Jones on Evidence, Section 766, page 1396, 6 Wigmore on Evidence, Section 1910, page 593; 70 C. J., Section 242, page 182.

We have held in several cases that a juror may testify as to physical facts coming to the knowledge of the jury during a view made by them at a former trial. *Hull v. Seaboard Air Line Ry.*, 76 S. C., 278, 57 S. E., 28, 10 L. R. A., N. S., 1213; *King v. Pilot Life Insurance Company*, 181 S. C., 238, 187 S. E., 369.

Of course a juror may not testify as to the deliberations in the jury room, impeach the former verdict, or contradict the record. But we know of no rule which would prevent a juror from testifying as to the character of the exhibits offered in a former trial, such as the contentents of a Coca-Cola bottle offered in evidence. Nor do we see any genuine distinction between such testimony and testimony relating to what a juror observed on a view, as *Hull v. Seaboard Air Line Ry. Co., supra,* and in *King v. Pilot Life Insurance Co., supra.* Certanly a witness having personal knowledge of relevant facts is none the less competent to testify merely because his knowledge was acquired while acting as a juror on a former trial of the case, if he is otherwise competent. 25 R. C. L., Section 56,, page 469. The jurors who were offered as witnesses by the defendant were not questioned as to any discussion or argument or deliberation into which they may have entered during the former trial. They were questioned solely as to their individual observation of the substance in the Coca-Cola bottle. In our opinion, no error was committed in the allowance of this testimony.

The respondent has advanced certain additional grounds to sustain the judgment. It is suggested that the Court erred in not granting respondent's mo-

tion for directed verdict, in that there was no satisfactory evidence that the substance allegedly found in the bottle. was a cockroach, or parts of a cockroach, but that on the contrary the only reasonable inference to be drawn from all of the evidence was that the substance was paraffin wax. The testimony shows that when the plaintiff had swallowed a portion of what he says was a cockroach, he spat out the remainder into his hand. He then replaced it in the bottle and recapped the bottle. He testified that the substance looked to him like a mangled cockroach, "those big old roaches that run around" He further said that there were little short pieces of legs visible, and that he was familiar with cockroaches' legs. Immediately after the occurrence, the plaintic went to the rear of Dorman's store and was violently ill, and had to consult a physician. The clerk who sold him the bottle of Coca-Cola testified that the plaintiff showed her what was in his hand immediately after he had consumed a part of the contents of the bottle, and that the substance looked like some decayed insect resembling a roach, and that it was about an inch long. We think this evidence made an issue for the jury, as was held by the Circuit Court.

Judgment reversed and case remanded for a new trial.

Mr. Chief Justice Bonham, and Messrs. Justices Carter, Baker and Stukes concur.