17859

Wallace DUNAWAY, Appellant, v. UNITED INSURANCE COMPANY OF AMERICA, Respondent

(123 S. E. (2d) 353)

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellant,*

*Rufus M. Ward, Esq.,* of Spartanburg, *for Respondent,*

January 2, 1962.

OXNER, Justice.

In this action, which under plaintiff's election must be considered as one to recover actual and punitive damages for

fraudulent breach of an insurance contract, it is alleged that after refusing to pay a valid claim of $215.00 for sick and hospital benefits due and owing under plaintiff's policy, the agents of the Insurance Company fraudulently induced him to surrender said policy for cancellation and accept a refund of the premiums paid. The question for determination is whether the action is barred by the failure of the plaintiff to return or offer to return the money received in said settlement. The Court below answered this question in the affirmative under the authority of *King v. Pilot Life Insurance Co.,* 181 S. C. 238, 187 S. E. 369, and accordingly directed a verdict for the Insurance Company at the conclusion of the testimony. Plaintiff has appealed.

On June 22, 1959 respondent issued to appellant, who is unable to read or write, an insurance policy providing for certain sick and hospital benefits. On July 26th, or about a month later, appellant suffered an illness which continued for a period of 27 days, during a portion of which time he was confined in a hospital. He continued to pay his premiums and in August filed a claim for this illness on forms furnished by the Company. After some investigation, the claims department denied liability. This decision was conveyed to appellant around September 15th through the agent who collected the premiums. Appellant testified that this agent then told him, without giving any reason therefor, that "he couldn't pay off, all he could do was to give me my money back", and that he replied he had paid his premiums and didn't understand why his claim couldn't be paid. According to the testimony of the agent, when appellant expressed disappointment at the failure of the Company to pay his claim, he told him that "to keep down hard feelings", the Company would return his premiums "if he would be satisfied with it." Appellant refused to accept settlement on this basis and continued to pay his premiums. He testified that after the Company refused on several subsequent occasions to pay his claim, he finally concluded that if all he could get was a return of the premiums, he would take it. Accord-

ingly, on October 12, 1959, he called the Company's office in Spartanburg and inquired of the division manager if the Company was still willing to refund the premiums, and was told that this could be arranged if he surrendered his policy and receipt book. A little later on that day he took the policy and receipt book to the office of the Company, at which time he was given a check for $39.60 in consideration of which he executed a release of all claims and demands under the policy. According to the testimony of the division manager who handled the transaction, he explained to appellant at that time that his claim could not be paid because his illness was not contracted after the issuance of the policy but resulted from a pre-existing condition not covered under its terms. He said appellant seemed to understand this and was completely satisfied to accept a return of the premiums in settlement. Thereafter the check was cashed by appellant who never returned or offered to return the amount paid. Some time later he consulted an attorney and this action was instituted.

The general principle that one who seeks to avoid the effect of a release must first return or tender the consideration paid therefor has been consistently applied in this State to claims under insurance policies. *Riggs v. Home Mut. Fire Protective Ass'n,* 61 S. C. 448, 39 S. E. 614; *Lawrence v. Durham Life Ins. Co.,* 166 S. C. 203, 164 S. E. 632; *Cook v. Hartford Fire Insurance Co.,* 168 S. C. 283, 167 S. E. 148; *King v. Pilot Life Ins. Co., supra,* 181 S. C. 238, 187 S. E. 369; *Taylor v. Palmetto State Life Ins. Co.,* 196 S. C. 195, 12 S. E. (2d) 708, 710. It was said in the *Taylor case* that "this rule obtains even though the contract of settlement was induced by the fraud or false representations of the other party."

Appellant apparently concedes the correctness of the foregoing rule when applied to actions *ex contractu* but contends it does not apply here because he "is not seeking to recover under the original policy or for its breach." He says he "is seeking to recover, in tort, for the

fraud in obtaining the release" and in such a cause of action he is not required to tender a return of the consideration.

There are cases which hold that a defrauded releasor may affirm the release and sue for damages for the fraud without returning or offering to return the consideration. The rationale of this view is that where the releasor sues in tort for fraud he is not attempting to rescind or avoid the release but is affirming it and seeking to recover damages suffered because of the fraud, and is under no duty to restore the releasee to the status quo. See Annotation 134 A. L. R., beginning on page 6; 76 C. J. S., Release, § 34, p. 662. But the soundness of this view has been vigorously challenged by some courts when applied to an action for fraud in inducing one to release a tort claim. *Shallenberger v. Motorists Mutual Ins. Co.,* 167 Ohio St. 494, 150 N. E. (2d) 295; *Davis v. Hargett,* 244 N. C. 157, 92 S. E. (2d) 782, 58 A. L. R. (2d) 494. They make a distinction where a sale or purchase of personal or real property is induced by fraud.

Any further discussion of the foregoing conflict in the authorities is unnecessary. Even if we were inclined to follow the line of cases relied on by appellant, it would be of no avail to him for the instant action must be regarded as one *ex contractu* and not in tort to recover damages for fraud and deceit in obtaining the release. According to the record, upon being required to make an election, he "elected to go to trial upon fraudulent breach of contract accompanied by a fraudulent act" and his cause of action is so characterized in the brief. While there is a statement in *Dyson v. Commonwealth Life Insurance Co.,* 176 S. C. 411, 180 S. E. 475, which was repeated in *Bourne v. Maryland Casualty Co.,* 185 S. C. 1, 192 S. E. 605, 118 A. L. R. 1 and *Pacific Mutual Life Insurance Company of California v. Rhame,* D. C., 32 F. Supp. 59, to the effect that such a cause of action is one in tort, this view has been consistently rejected in the later decisions which hold that an action for fraudulent breach of an insurance contract is an action *ex contractu. Cain v. United Insurance Co.,* 232 S. C. 397, 102 S. E. (2d)

360; *Ross v. American Income Life Insurance Co.,* 232 S. C. 433, 102 S. E. (2d) 743. If such an action is one in tort for fraud and deceit, it would necessarily follow that fraud is an essential element, yet it was held in *Broome v. Travelers Insurance Co.,* 183 S. C. 413, 191 S. E. 220, that in an action for fraudulent breach of contract there may be a recovery for actual damages although there is no proof of fraud entitling plaintiff to punitive damages. An interesting and discriminating discussion of this question will be found in 10 South Carolina Law Quarterly, beginning on page 454. It follows that the basic position taken by appellant in this case rests on an erroneous premise that his action is one *ex delicto*.

The action of the trial Judge in directing a verdict for the Insurance Company is fully sustained by our decisions. In *Lawrence v. Durham Life Insurance Co., supra,* 166 S. C. 203, 164 S. E. 632, the insured brought an action to recover actual and punitive damages for fraud in inducing him to accept a small lump sum in settlement of all of his rights under each of two policies after there had arisen much larger claims for disability caused by a paralytic stroke. A nonsuit was sustained because of the failure of the insured to return the amounts paid in settlement.

In *King v. Pilot Life Insurance Co., supra,* 181 S. C. 238, 187 S. E. 369, an action was brought to recover damages for fraudulent breach of an insurance contract under which the Company agreed to pay a certain monthly indemnity for disabiliy caused by accident or disease. It was alleged in the complaint that while the policy was in full force and effect, the plaintiff became permanently and totally disabled and after paying disability benefits at the rate of $100.00 per month for three months, the Company stopped making the payments and through false and fraudulent representations induced the plaintiff, for the sum of $400.00, to surrender the policy and release the Company from all further liability. It was held that the action was barred on account of the failure of the insured prior to the commencement of the action

to pay back or offer to pay back the consideration for the release.

*Taylor v. Palmetto State Life Insurance Co., supra,* 196 S. C. 195, 12 S. E. (2d) 708, involved a $750.00 life insurance policy which contained a provision that in the event the insured committed suicide, the liability of the Company would be limited to a return of the premiums paid. After the death of the insured, the agent of the Company paid the beneficiary $230.20 in full release and discharge of all liability under the policy. Thereafter the beneficiary brought an action against the Company to recover actual and punitive damages for inducing her to make the settlement by falsely representing that the insured had committed suicide and that there was no liability except for a return of the premiums paid. There was a verdict for the plaintiff for the difference between the amount paid for the release and the face value of the policy, with interest. It was held that the Court erred in refusing a nonsuit upon the ground that the plaintiff had not repaid or tendered the money received in the settlement.

Counsel for appellant apparently recognize the controlling effect of the foregoing decisions and were granted permission to attack the soundness of *King v. Pilot Life Insurance Co., supra.* It may be added that the other decisions mentioned are just as conclusive of the question before us. After careful consideration, we think all of these cases were properly decided and should not be overruled.

This case does not involve fraud in the *factum.* Appellant knew he was surrendering the policy for cancellation in consideration of the return of the premiums. He claims fraud only in inducing him to make the settlement. It is wholly illogical to say that he may keep the money paid for a cancellation of the contract and recover damages for its breach.

We are not to be understood as intimating that appellant could have proceeded in tort for fraud and deceit without returning the consideration for the release. That question is not presented. It may be added, however, that a return of

the consideration was held to be necessary in *Taylor v. Palmetto State Life Insurance Co., supra,* 196 S. C. 195, 12 S. E. (2d) 708, although the action was construed to be one for fraud and deceit.

The only other question necessary to decide is appellant's contention that a return of the money was not required because he was only paid $39.60 in settlement of a debt of $215.00. But the principle that a payment of a sum less than that claimed to be due does not constitute a satisfaction applies only to liquidated and undisputed debts. Here the testimony reveals a *bona fide* dispute as to whether respondent owed appellant anything under his claim. There was no liability if his illness was contracted prior to the issuance of the policy. Whether it was or not could only be determined on a trial of the issues. See *Riggs v. Home Mutual Fire Protective Association, supra,* 61 S. C. 448, 39 S. E. 614, and *Taylor v. Palmetto State Life Insurance Co., supra.* Neither can it be said that appellant was in any event entitled to retain the premiums which he had paid. He had had the protection of the policy for approximately four months. If on the trial of the case he had failed to sustain his claim for sick and hospital benefits, the Company would have been under no obligation to return the premiums.

Several other questions are raised on this appeal but they need not be decided.

Affirmed.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.