**Bailey W. McCARTY, Plaintiff,**

v.

**The KENDALL COMPANY, Defendant.**

**Civ. A. No. 4664.**

United States District Court
W. D. South Carolina,
Greenville Division.

June 21, 1965.

W. Ray Berry, Fulmer, Barnes & Berry, Columbia, S. C., for plaintiff.

W. Francis Marion, Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Motion by defendant under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss upon the following grounds: (1) that the plaintiff's sole and exclusive remedy is before the South Carolina Industrial Commission, (2) that the plaintiff has failed to tender a return of any money received from the settlement alleged in the plaintiff's Complaint, and (3) that the plaintiff does not state facts sufficient to constitute a cause of action for either fraud and deceit or breach of a contract accompanied by a fraudulent act. Plaintiff alleges in his Complaint that on May 5, 1958, he sustained an injury by accident arising out of and in the course of his employment with the Kendall Company and that after he received certain benefits under the Workmen's Compensation Act, he experienced a change of condition and made a demand for further benefits. The defendant and the plaintiff subsequently entered into a final settlement agreement, the stated consideration being $1400.00. He alleges that in connection with said settlement agreement the defendant orally promised to provide the plaintiff with a job when he was finally released by the doctors. He also says that at the time of the above mentioned promise, the defendant did not intend to live up to such representation and that this was part of a fraudulent scheme to obtain a release from him for all claims arising under the Workmen's Compensation Act.

In oral argument counsel for plaintiff admits that his action sounds in fraud and deceit and that the fraud occurred in the inception of said contract. It is also obvious from reading the plaintiff's Complaint that he charged fraud in the inception or fraud in the inducement of the alleged contract. The applicable rule is set forth in Taylor v. Palmetto State Life Ins. Co., 196 S.C. 195, 12 S. E.2d 708, wherein the South Carolina Supreme Court held that a plaintiff, in a fraud and deceit action involving fraud in the inducement, must either return or tender the return of the consideration that has been received by him in order to avoid the effect of a release. Justice Fishburne noted:

"We presume that no doubt exists as to the soundness of the general proposition that where a party to a compromise desires to set aside or avoid a release duly entered into and be remitted to his original rights, he must place the other party in statu quo by returning or tendering the return of whatever has been received by him under such compromise, if of any value, and so far as possible, any right lost by the other party in consequence thereof. This rule obtains even though the contract of settlement was induced by the fraud or false representations of the other party. The rationale of the doctrine is that by electing to retain the property the party must be conclusively held to be bound by the settlement. The rule applies to actions ex contractu as well as to

actions ex delicto. Riggs v. Home Mutual Fire Protection Association of South Carolina, 61 S.C. 448, 39 S.E. 614; Lawrence v. Durham Life Ins. Co., 166 S.C. 203, 164 S.E. 632; Levister v. Southern R. Co., 56 S.C. 508, 35 S.E. 207; Cook v. Hartford Fire Ins. Co., 168 S.C. 283, 167 S.E. 148; King v. Pilot Life Ins. Co., 181 S.C. 238, 187 S.E. 369; 15 C.J.S., Compromise and Settlement, § 41, page 762." 12 S.E.2d at page 710.

Plaintiff has cited Dunaway v. United Insurance Company of America, 239 S.C. 407, 123 S.E.2d 353, to support his position that in an action for fraud and deceit in connection with the settlement of a claim a plaintiff does not have to return the consideration paid in such a settlement as this rule is only applicable in cases involving breach of contract accompanied by a fraudulent act. That is not applicable to the case at bar since it involves fraud in the factum and not fraud in the inducement, a clear distinction has been made by a majority of the courts that have had this question before them and the South Carolina Court is no exception. As stated in Dunaway, supra, at page 356:

> "This case does not involve fraud in the factum. Appellant knew he was surrendering the policy for cancellation in consideration of the return of the premiums. He claims fraud only in inducing him to make the settlement. It is wholly illogical to say that he may keep the money paid for a cancellation of the contract and recover damages for its breach.

> "We are not to be understood as intimating that appellant could have proceeded in tort for fraud and deceit without returning the consideration for the release. That question is not presented. It may be added, however, that a return of the consideration was held to be necessary in Taylor v. Palmetto State Life Insurance Co., supra, 196 S.C. 195, 12 S.E.2d 708, although the action

was construed to be one for fraud and deceit."

The Dunaway Case in no way attempted to overrule Taylor v. Palmetto State Life Ins. Co., supra. It is, therefore, the opinion of this Court that the defendant's motion should be granted as the plaintiff has brought an action in fraud and deceit based upon fraud in the inducement, therefore, in order to avoid the effect of a release previously signed by the plaintiff, he must first return or tender the return of the consideration previously paid to him. See discussion in 10 S.C.L.Q. 444, 468 (1958) by Henry Summerall.

After having determined that the plaintiff's Complaint must be dismissed for the failure to return or tender the return of the consideration mentioned above, it is not necessary for this Court to consider the other two grounds set forth in the defendant's motion. Nevertheless this Court feels that it should pass upon the question raised by the defendant that the plaintiff's sole and exclusive remedy is before the South Carolina Industrial Commission as such ground goes to the heart of this action.

On September 23, 1961, the plaintiff, in the presence of his attorney, W. Ray Berry, entered into an agreement to release and discharge the defendant from any and all claims arising under the "Workmen's Compensation Act *or otherwise*," (emphasis supplied) for the sum of $1400.00. This settlement was subsequently approved by a majority of the South Carolina Industrial Commission. The above mentioned settlement agreement is usually referred to as a "common law" or "Atkin's Release" which is not only a complete release under the South Carolina Workmen's Compensation Act but is also a general release of all claims. As stated in the Release itself, plaintiff " * * * does hereby release, relieve and forever discharge the Kendall Company, the employer, and Liberty Mutual Insurance Company, the insurer, from *any and all claims,* demands, actions or causes of action under the South Caro-

lina Workmen's Compensation Act *or otherwise* \* \* \*." (Emphasis added)

Gainey v. Coker's Pedigreed Seed Company, 227 S.C. 200, 87 S.E.2d 486, controls the case at bar. There the plaintiff was permanently injured as a result of inhaling poisonous fumes while preparing some machines in the course of his employment with the defendant. Plaintiff alleged that he was induced by the defendant to forbare any claims under the Workmen's Compensation Act through a promise that he would have continuous employment with the defendant, noting that he did not file a claim with the South Carolina Industrial Commission in view of the above promise and as a result a year had elapsed from the date of the accident; therefore, he was barred from presenting a claim under the Workmen's Compensation Act. He alleged that defendant violated the above mentioned agreement and refused to provide him with employment as he had been previously promised. Suit was instituted for the wrongful breach of the above mentioned contract and the defendant demurred to the Complaint. Holding that the plaintiff's exclusive remedy was before the South Carolina Industrial Commission, Chief Justice Baker stated:

"There are several pertinent sections of the Workmen's Compensation Law contained in the 1952 Code of Laws, Section 72–121 provides:

" 'The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee \* \* \* as against his employer, at common law or otherwise, on account of such injury, loss of service or death.'

"Under Section 72–131 an employer cannot relieve himself of any obligation created by the Act, except as otherwise provided, in whole or in part, by contract or agreement, written or implied.

"Section 72–132 states, 'No agreement by an employee to waive his rights to compensation under this Title shall be valid.'

"According to the complaint, appellant and respondent were subject to the provisions of the Workmen's Compensation Law. This acceptance, under Section 72–121, supra, excludes 'all other rights and remedies of such employee \* \* \* as against his employer, at common law or otherwise, on account of such injury, loss of service or death.' This section specifically excludes all rights and remedies of an employee, except as provided in the Act, wherein and whereby exclusive jurisdiction is vested in the Industrial Commission. Any doubt thereabout is removed when Sections 72–131 and 72–132, supra, are considered in connection with Section 72–121, supra. In addition to these sections of the 1952 Code, we have the cases of Marchbanks v. Duke Power Company, 190 S.C. 336, 2 S.E.2d 825, and Cummings v. McCoy, 192 S.C. 469, 7 S.E.2d 222, wherein it is held that the remedies and procedure provided by the Workmen's Compensation Law are exclusive for cases coming within its terms." 87 S.E.2d at page 489.

Plaintiff's counsel recognizes the above case but feels that it does not control here as the Gainey Case is a suit for the wrongful breach of contract and the instant case is a suit sounding in fraud and deceit. In the opinion of this Court, it is immaterial as to whether the plaintiff brings his suit in contract or in tort as the exclusive remedy provided for the plaintiff is under the South Carolina Workmen's Compensation Act and the plaintiff is barred from bringing either of the common law actions mentioned above. Therefore, the South Carolina Industrial Commission has exclusive jurisdiction in this matter and this Court is without jurisdiction.

Now, therefore, it is ordered that the defendant's motion be granted on the ground that plaintiff has failed to return or tender the return of the consideration of the release previously executed by the plaintiff and that such a tender is necessary in order to avoid the effect of the above mentioned release and on the further ground that the plaintiff's sole and exclusive remedy is before the South Carolina Industrial Commission and this Court is without jurisdiction. Judgment will be entered accordingly.

And it is so ordered.