14627

PLOWDEN v. WILSON ET AL.

(195 S. E., 847)

 October, 1936. 

*Messrs. W. C. Davis* and *Charlton DuRant,* for appellant,

*Messrs. Dinkins & Stukes, Fred Lesesne* and *Jones & Ward,* for respondent, 

March 3, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent, Carolina Forests, Incorporated, is a South Carolina corporation. It owns a large body of land

in Clarendon County, S. C. Its business in relation to this land is stated by its president, Mr. C. E. Smith, to be, "to grow timber, protect the property, keep off fires, and so forth, and grow timber for the manufacture of lumber, pulp wood, and other wood products, * * * and the manufacture of brick and title."

Mr. Smith stated that the corporation did not operate or maintain a game preserve, but there is evidence that a clubhouse was maintained on the premises, to which the officers of the corporation, their friends and guests, resorted for hunting on these lands. There is evidence that D. Malloy Wilson, defendant, was employed by the corporation as caretaker of the premises, and that when guests arrived, authorized by the owner to hunt on the premises, Wilson looked after their wants and provided horses for their use, when it was desired, which were under his care.

The appellant, Wallace S. Plowden, was one of the game wardens of the State, charged with enforcing the game laws of the State. He claims to have found, and arrested, persons hunting on these lands without having obtained the license required by law; he required them to pay fines and to procure licenses. There is evidence that D. Malloy Wilson resented and objected to such action by Plowden and forbade him to put his foot on the lands. On December 11, 1935, the two met at Foreston; an altercation arose and Plowden was struck by Wilson with a shovel which inflicted a serious wound on his head.

Action was brought by Plowden against D. Malloy Wilson and Carolina Forests, Incorporated, to recover damages for the injuries thus inflicted; the complaint alleged that the assault was committed by D. Malloy Wilson, "the manager, agent, servant and employee" of the defendant Carolina Forests, Incorporated, "while engaged in and about his said employer's business, and within the apparent scope of his employment."

The case was heard by Judge Grimball and a jury. At the conclusion of all of the testimony, counsel for the defend-

ant Carolina Forests, Incorporated, made a motion for directed verdict in its favor on the grounds:

"First, that there is no evidence that the alleged wilful tort was committed by the alleged agent or servant Wilson, within the scope of his employment and duties to the defendant, Carolina Forests, Incorporated.

"Second, that the evidence is insufficient to warrant a finding that the alleged tort was committed within the scope of the employment of the servant, or when he was engaged about his duties to the master.

"Third, no reasonable inference can be drawn from the testimony other than that the alleged wilful tort was committed by the alleged agent or servant, outside of the scope of his duties to his master-employer."

In granting the motion for directed verdict, the presiding Judge said:

"The question is whether there is evidence in the record to warrant the submission to the jury, for their determination, whether the servant acted in the scope or apparent scope of his authority and employment, or whether he had stepped aside from that scope to engage in a personal difficulty. The record is overwhelming, in my opinion, and so convincing, that it was a personal difficulty, and that the servant was not acting at the time within the scope of his employment, and if there be any evidence in the record from which an inference could be drawn that the servant was acting within the scope of his authority, this evidence is so small as to be a scintilla of such smallness, that it does not warrant, in my opinion, the submission of this question to the jury."

This Court has repeatedly held that, if there be a scintilla of competent and relevant testimony upon the issue, it is the duty of the Court to submit that issue to the jury.

It is true that the Court has also laid down the rule that, if there be no such competent and relevant testimony, the matter is one of law for the determination of the Court.

The matter is thus treated in the case of *National Bank of Honea Path v. Thomas J. Barrett, Jr., & Co.*, 173 S. C., 1, 174 S. E., 581, 582: "If it be conceded that there may be deduced by a process of unusual finesse of reasoning that there is a scintilla of evidence that John C. Jones was the agent of John F. Clark & Co. in relation to the transactions of G. C. Swetenburg, nevertheless there is another rule, more founded upon common sense and reason, to the effect that when only one reasonable inference, not just one inference, but one reasonable inference, can be deduced from the evidence, it becomes a question of law for the court, and not a question of fact for the jury."

Judged by either, or both, of these rules, we think his Honor was in error when he granted the motion for a directed verdict in favor of the respondent. Since the case must go back for new trial, it is best that we should not discuss the evidence. It is not out of order, however, to say that the testimony given by the defendant, D. Malloy Wilson, and that given by Sheriff Gamble, without recourse to any other in the record, contains evidence which requires the submission to the jury of the question whether, at the time of the assault upon the appellant, the defendant, D. Malloy Wilson, was within the scope of his duties as manager, servant, agent or employee of the respondent, Carolina Forests, Incorporated.

In the trial before Judge Grimball, the jury found for the plaintiff as against the defendant, D. Malloy Wilson, and from the judgment entered on that verdict there was no appeal. Therefore, it is not affected by our finding and conclusion on this appeal.

The judgment of this Court is that the order granting the motion for directed verdict in favor of Carolina Forests, Incorporated, is reversed, and the case is remanded for new trial as to that defendant.

MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS concur.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER did not participate because of illness.