16729

COLLINS v. ATLANTIC GREYHOUND CORP. *ET AL.*
(75 S. E. (2d) 868)

270

*Messrs. McDonald & McGowan,* of Florence, and *J. Shepherd Thompson,* of Georgetown, *for Appellant,*

*Messrs. N. A. Turner,* of Columbia, and *James B. Moore,* and *H. L. Smith,* of Georgetown, *for Respondent,*

March 26, 1953.

TAYLOR, Justice.

Action in this case for malicious prosecution was commenced on or about July 30, 1948, in the Court of Common Pleas for Georgetown County by Harvey Dozier Collins, the plaintiff above named, against Atlantic Greyhound Corporation and James Raftelis, the defendants above named. The Complaint alleges that on or about the 8th day of November, 1948, the defendant James Raftelis, acting in his capacity as agent and employee of the defendant Atlantic Greyhound Corporation, caused an arrest warrant charging grand larceny of its money to be issued against the plaintiff, resulting in his arrest and imprisonment. At a preliminary hearing before the issuing magistrate the charges were dismissed for a total lack of evidence, and the prosection ended. The conduct of Raftelis is alleged to have been malicious, wilful,

and without cause, resulting in damages in the sum of $10-000.00 for which judgment is sought against both defendants.

The Respondent Atlantic Greyhound Corporation, in its answer, after admitting its corporate capacity as a common carrier of passengers, sets up a general denial; and further affirmatively alleges in detail that the acts of its co-defendant, Raftelis, were beyond the scope of his employment or agency, and that if committed were his individual responsibility, having no connection whatever with the corporate defendant, and were neither authorized nor condoned by it; that whatever may have been done by its co-defendant the same was without its knowledge or information, and was not ratified, confirmed, approved or acquiesced in by it.

The defendant Raftelis, in his answer, admitting certain formal matters, sets up a general denial; and also affirmatively alleges that while the warrant in question was obtained by him, it was based upon information furnished by the Chief of Police of the City of Georgetown, and in doing so he acted in good faith without any feeling of ill will or malice towards the plaintiff; and further alleges in effect that there was probable cause.

The cause came on for trial before Honorable G. Badger Baker, presiding Judge, and a jury, at the May, 1951, term of the Court of Common Pleas for Georgetown County, and resulted in three verdicts, the first two being submitted to the trial Judge but not published, and the third, which was accepted and published, was in the following language:

"We find for the plaintiff Five Thousand Dollars actual damages against the Defendants. Forty-Five Hundred Dollars punitive damages against Atlantic Greyhound Corporation. Five Hundred Dollars punitive damages against the Defendant, James Raftelis."

At the close of the testimony for the plaintiff, counsel for the defendant Atlantic Greyhound Corporation moved for a nonsuit, but the motion was overruled by the presiding Judge.

And at the close of all testimony counsel for the defendant Atlantic Greyhound Corporation moved for a directed verdict, and counsel for the defendant Raftelis also moved for a directed verdict, but these motions were likewise overruled by the presiding Judge, and the case submitted to the jury.

After the third verdict, heretofore referred to, was rendered, counsel for the defendant Atlantic Greyhound Corporation immediately moved for judgment *non obstante veredicto,* or in the alternative for a new trial. The motion was marked heard and later argued by counsel for the respective parties which was followed by the order of the presiding Judge dated February 7, 1952, in which he ordered that the motion of the defendant Atlantic Greyhound Corporation for judgment *non obstante veredicto* should be, and the same was, thereby granted.

Appellant now comes to this Court contending that the trial Judge erred in granting Respondent's motion for judgment *non obstante veredicto;* and Respondent served notice of additional sustaining grounds upon which it seeks to sustain the order of the trial Judge.

In determining whether or not His Honor erred in granting Respondent's motion for judgment *non obstante veredicto,* we have considered the evidence both in the light of the testimony and the contract between the Greyhound Corporation and its agent, Raftelis. The Greyhound Corporation contends that when Raftelis procured the warrant for the arrest of Appellant, he was acting beyond the scope of his agency and relies principally upon the holdings of this Court in *Simmons v. Okeetee Club,* 86 S. C. 73, 68 S. E. 131. However, the principles enunciated therein were not followed by the later case of *Plowden v. Wilson,* 186 S. C. 285, 195 S. E. 847. The complaint alleges that "Raftelis, acting in his capacity as agent and employee of the Atlantic Greyhound Corporation, caused an arrest warrant charging grand larceny of its money to be issued against the plaintiff, resulting in his arrest and imprisonment." The

Greyhound Corporation in their contract refers to Raftelis as their agent and there is an abundance of testimony to the effect that he was in fact manager with broad powers of discretion and generally responsible for the operation of the bus station including the care of monies from ticket sales and other sources. We are of the opinion that under the evidence adduced here the question of whether or not Raftelis was acting within the scope of his duties as manager, agent and servant of the Atlantic Greyhound Corporation when he caused the arrest warrant to be issued for and the subsequent arrest of Appellant was a question to be determined by the jury; therefore the order granting Respondent's motion for judgment *non obstante veredicto* should be reversed.

Respondent offers a number of additional sustaining grounds all of which are overruled except the one stating that there was error in the verdict of the jury, which but for the granting of Judgment *non obstante veredicto* for Respondent would have required correction by the Trial Judge or the granting of a new trial, the error being that while the verdict totals Ten Thousand Dollars, the jury actually intended that it total only Five Thousand Dollars.

The jury first reported that it was unable to agree on a verdict. Upon further instruction, they retired and approximately fifteen minutes later returned with the following verdict:

"In favor of Plaintiff punitive damages Four Thousand and Five Hundred Dollars from Atlantic Greyhound Corporation. Five Hundred Dollars from James Raftelis."

The foregoing being unsatisfactory to the Court, they were again instructed as to the form of their verdict. As a result of which they retired and later returned with the following verdict:

"We find for the Plaintiff against both Defendants actual damages of Two Hundred and Fifty Dollars, punitive damage, Two Hundred and Fifty Dollars against James Raftelis. Actual damage of Two Thousand and Five Hundred Dol-

lars; punitive damages of Two Thousand Dollars against Atlantic Greyhound Corporation."

Upon being instructed again by the Court that this form was also unsatisfactory, they returned to their room for further consideration and returned the following verdict:

"We find for the Plaintiff Five Thousand Dollars actual damages against the Defendants. Forty-Five Hundred Dollars punitive damages against Atlantic Greyhound Corporation. Five Hundred Dollars punitive damages against the Defendant, James Raftelis."

A study of these verdicts when considered in conjunction with the instructions and remarks of the trial Judge can only lead to the conclusion that the jury was hopelessly confused. The first two are for $5,000.00 while the third is for $10,000.00. Appellant takes the position that the verdict is plain and unambiguous and relies upon the well established principle of law that a juror may not by his affidavit impeach his verdict. See 53 Am. Jur. 771; *Caines v. Marion Coca-Cola Bottling Co.*, 196 S. C. 502, 14 S. E. (2d) 10. In the instant case the record itself speaks eloquently of the misunderstanding and confusion that existed among the jurors in attempting to write their verdict in the proper form. They did succeed however in making it clear that $5,000.00 was the least amount arrived at in any of their proposed verdicts.

We therefore are of the opinion that the order granting Respondent's motion for judgment *non obstante veredicto* should be reversed, that the case should be remanded to the Court of Common Pleas for Georgetown County for a new trial unless Appellant remits upon the record the sum of $5,000.00. Then and in that event judgment for Appellant in the sum of $5,000.00 should be affirmed and It Is So Ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.